## The Attorney General v. The Board of Supervisors of the county of St. Clair.

The law which provides for submitting to the electors of a county at the township meetings the question of the removal of the county seat, if it can be held applicable to cities at all, is incomplete in not providing for a vote of the electors of such cities as hold charter elections at a different time from the township meetings.

It was accordingly held, that in the county of St. Clair, in which was situated the city of St. Clair, whose charter election is not held on the same day with the township meetings, the question of the removal of the county seat could not be submitted to the people under said law.

*Heard November 28th. Decided December 6th.*

Appeal from St. Clair Circuit in Chancery.

The bill was filed by the Attorney General to enjoin proceedings which were being taken under resolutions passed by the Board of Supervisors of said county at their October meeting, 1861, by a two-thirds vote of the Supervisors present, the first of which was that it was expedient to remove the county seat of said county from the city of St. Clair to the city of Port Huron; the second, that the question of such removal should be submitted to the electors of said county at the next annual township meeting to be held in the several townships, and the charter elections to be held in the several wards of the cities of said county; and the third directed the county clerk to give notice of such submission, as required by law.

The bill claimed the said resolutions to be inoperative for the reason, among others, that there was no lawful mode of submitting the question of removal to such of the electors of the county as resided in the cities of St. Clair and Port Huron.

The Circuit Court in Chancery heard the case on bill and answer, and awarded an injunction as prayed. The defendants appealed.

*G. V. N. Lothrop,* for complainant.

*W. T. Mitchell, A. B. Maynard* and *O. D. Conger,* for defendants.

MARTIN CH. J.:

Section 8 of article 6 of the Constitution provides, that no county seat once established shall be removed until the place to which it is proposed to be removed shall be designated by two-thirds of the Board of Supervisors of the county, and a majority of the electors voting thereon shall have voted in favor of the proposed location, in such manner as shall be provided by law. The law prescribes (*Comp. L.* §§ 351, 352, 353), that the assent of a majority of the electors *of the county* voting thereon shall be requisite to remove a county seat, and that the proposition shall be submitted "at the next township meeting to the vote of the electors of such county," and that "a vote of the *electors of such county* shall be taken *in each of the townships* in such county at the place designated for the next township meeting." In the county of St. Clair are the cities of St. Clair and Port Huron. Neither of them have township meetings, or any thing of like character, except in so far as charter elections may be so regarded. The business which is transacted by the inhabitants of townships at the annual meeting is in these cities delegated to and transacted by their Common Councils. The charter election in the city of St. Clair is held upon the first Monday of March, while the annual township meeting is required by law to be holden on the first Monday of April. None of the provisions of law provide for a submission of the question of the removal of county seats to

the electors of cities, unless, *perhaps*, in such cities as hold their charter elections upon the first Monday of April; for it was the obvious intent of the Legislature that the vote of all the electors of the county upon the proposition should be taken at one and the same time. We think, therefore, that the law is incomplete, and not in compliance with either the letter or spirit of the Constitution, in not providing for a vote of the electors of cities holding elections at a time different from townships, even if it were held to . be applicable otherwise.

It was urged by the counsel for the defendants, that the word *township* in this statute "comprehends cities and wards," and that "the words township meetings are equivalent to local elections," whether of cities or townships proper. That the word "township" as employed in the statute often embraces cities, is unquestionable; and it is equally unquestionable that it is quite as frequently used to denominate townships proper, to the exclusion of cities ; and whether the Legislature intended in the statute before us to include cities or not, it is perfectly obvious that it was equally their intention to provide for a vote of the whole county on the day of the annual township meetings ; and it is just as manifest that no such vote could be cast in the city of St. Clair upon that ·day.

The decree of the Circuit Court must be affirmed.

The other Justices concurred.