### JEFFRIES *v.* ELECTION COMMISSION OF THE COUNTY OF WAYNE.

1. CONSTITUTIONAL LAW—ELECTIONS—CHANGE OF NAME—AFFIDAVITS.

    Provision of election statute requiring affidavit as to change of name of candidates for public office be filed with nominating petitions is not a deprivation of life, liberty or property without due process of law; the right to stand for public office not being a property right within the meaning of the Constitution (U. S. Const. Ams. 5, 14; Act No. 351, pt. 3, chap. 3, § 21, Pub. Acts 1925, as added by Act No. 176, Pub. Acts 1935).

2. OFFICERS—PUBLIC OFFICE—PURPOSE.

    Public offices are created for the purposes of government, are delegations of portions of the sovereign power for the public welfare, and are not the subjects of contract but agencies for the State that are revocable at pleasure by the authority creating them unless such authority be limited by the power which conferred it.

3. ELECTIONS—CHANGE OF NAME—IDENTITY OF CANDIDATE.

Presumably the provision of the election law requiring an affidavit as to change of name of a candidate for public office be filed with nominating petitions was enacted in order that the electorate be fairly apprized of the identity of those whose names appeared upon the ballot (Const. 1908, art. 3, § 8; Act No. 351, pt. 3, chap. 3, § 21, Pub. Acts 1925, as added by Act No. 176, Pub. Acts 1935).

4. EVIDENCE—JUDICIAL NOTICE—CHANGE OF NAMES.

The Supreme Court will assume that an individual who has lived in a community over a considerable period of time becomes well known to the electorate under the name which he uses and that if his name be changed some period of time must elapse before the electorate identifies the individual with his new name.

5. CONSTITUTIONAL LAW—ELECTIONS—CLASS LEGISLATION—CHANGE OF NAMES OF CANDIDATES.

Provision of election law requiring that an affidavit be filed relative to change of names of candidates for public office at time when nominating petitions are filed and that if name was changed within approximately two years and ten months prior to enactment of statute that both former and present names appear on the ballot *held*, not unreasonable, arbitrary or capricious class legislation (U. S. Const. Ams. 5, 14; Mich. Const. 1908, art. 3, § 8; Act No. 351, pt. 3, chap. 3, § 21, Pub. Acts 1925, as added by Act No. 176, Pub. Acts 1935).

6. SAME—CLASS LEGISLATION.

Class legislation is unconstitutional only when shown to be unreasonable, arbitrary and capricious, and unless upon its face convincingly arbitrary, capricious, and unreasonable, it is not for the courts to debate the policy and wisdom of such legislative treatment.

Petition for writ of mandamus by William A. Jeffries to compel the Election Commission of the County of Wayne and Casper J. Lingeman, Wayne County Clerk, to accept nominating petitions and place a name on the ballot. Submitted August 19, 1940. (Calendar No. 41,283.) Writ denied August 28, 1940.

*Robbins & Schuur,* for plaintiff.

*Duncan C. McCrea,* Prosecuting Attorney, and *Russell C. Duncan,* Assistant Prosecuting Attorney, for the people.

BOYLES, J.  The petition of William G. Jeffries prays that a writ of mandamus be issued to compel the county clerk of Wayne county to receive and file certain nominating petitions or accept filing fees in lieu thereof and to compel the election commission of Wayne county to place plaintiff's name on the primary election ballot for the office of State representative.

Previous to 1934 plaintiff used his original name, William Giuffre; he started to use the name of William G. Jeffries during 1930; on August 22, 1934, he obtained an order from the probate court of Wayne county legally changing his name to William G. Jeffries.

July 20, 1940, plaintiff tendered the sum of $100 to the county clerk of Wayne county, together with an affidavit as to change of name and identity. The county clerk refused to accept the tender and affidavit for the reason that the plaintiff failed to disclose his former name for the purpose of putting both the present name and the former name on the primary election ballot.

Act No. 351, part 3, chap. 3, § 21, Pub. Acts 1925, as added by Act No. 176, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 2883–2, Stat. Ann. § 6.140), requires that no nominating petition shall be received for filing unless the candidate also files an affidavit relative to any change made in the name of such candidate. This act further provides:

"In the event that such affidavit or any birth certificate or record of such person discloses that the name of such candidate as used in such nomination petition is other than the one with which he was

named at birth, such nomination petitions shall not be received for filing unless such petitions state, in such form as the secretary of State shall prescribe, *both names* of such candidate."

In the above act, there is a proviso as follows:

*"Provided, however,* That this section shall not apply to persons who have changed their names prior to January one, nineteen hundred thirty-three."

Plaintiff claims this act is unconstitutional, null and void as being in violation of the Constitution of the United States, Ams. 5 and 14, in that, as plaintiff claims, it deprives him of life, liberty and property without due process of law; that he is denied the equal protection of the laws; and that said act is clearly discriminatory and constitutes class legislation.

As to the first claim, obviously this legislation does not deprive the plaintiff of life or liberty; therefore, this claim simmers down to the question whether the act deprives plaintiff of any property rights without due process of law.

The question of property right in public office has been definitely settled in this State.

"A public office cannot be called 'property,' within the meaning of these constitutional provisions. If it could be, it would follow that every public officer, no matter how insignificant the office, would have a vested right to hold his office until the expiration of the term. Public offices are created for the purposes of government. They are delegations of portions of the sovereign power for the welfare of the public. They are not the subjects of contract, but they are agencies for the State, revocable at pleasure by the authority creating them, unless such authority be limited by the power which conferred it." *Attorney General, ex rel. Rich,* v. *Jochim,* 99 Mich. 358, 367 (23 L. R. A. 699, 41 Am. St. Rep. 606).

The only remaining question is whether Act No. 176, Pub. Acts 1935, constitutes class legislation to the extent that it must be declared unconstitutional. Most of the decisions which attempt to draw the line on this question are readily distinguishable from the instant case by reason of the fact that this case involves an election law statute.

"Laws shall be passed to preserve the purity of elections and guard against abuses of the elective franchise." Constitution of 1908, art. 3, § 8.

Presumably, the legislature intended by Act No. 176, Pub. Acts 1935, that the electorate should be fairly apprized of the identity of those whose names appeared upon the ballot. We may assume that an individual who has lived in a community over a considerable period of time becomes well known to the electorate under the name which he uses. If and when he changes his name, unless his newly adopted name is in some way connected in the public mind with his former name, some period of time must elapse before the electorate connects the individual with his new name. In Act No. 176, Pub. Acts 1935, the legislature provided it should not apply to persons who had changed their names prior to January 1, 1933. Accordingly, on the effective date of the act, if an individual had changed his name within a period of approximately two years and ten months prior to becoming a candidate, he was required to submit to having his former name also appear on the ballot.

"Class legislation is unconstitutional only when shown to be unreasonable, arbitrary and capricious. * * *

"Unless upon its face convincingly arbitrary, capricious, and unreasonable, it is not for the courts to debate the policy and wisdom of such legislative

treatment." *Lundstrom* v. *Township of Ellsworth,* 196 Mich. 502, 508, 509.

This act is not unreasonable, arbitrary and capricious. It operates to preserve the purity of elections and guard against abuses of the elective franchise. We have given due consideration to the cases relied upon by the plaintiff (*Dapper* v. *Smith,* 138 Mich. 104; *Harrington* v. *Secretary of State,* 211 Mich. 395), but, in our opinion, they are not applicable to the statute here involved.

Writ denied.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.