ATTORNEY GENERAL *v.* INGHAM CIRCUIT JUDGE.

1. MANDAMUS—QUESTIONS REVIEWABLE—VACATION OF INJUNCTION.
   On mandamus to compel circuit judge to vacate injunction against the holding of special election as called, the propriety of order denying motion to dismiss the equity suit is not before the Supreme Court, the sole question being whether or not the injunctive relief should have been granted.

2. INJUNCTION—PREVENTION OF HOLDING AN ELECTION.
   Generally, an injunction will not issue to prevent the holding of an election whether or not the election is illegal.

3. ELECTIONS—DETERMINATION OF VALIDITY—EQUITY—QUO WARRANTO.
   Equitable relief may not properly be substituted for the statutory remedy of quo warranto prescribed for the determination of the validity of an election (PA 1954, No. 116).

4. SAME—ABSENTEE VOTER—INJUNCTION—MANDAMUS.
   A resident, taxpayer and duly qualified elector who sought in vain 13 days before date of special primary election to obtain an absentee voter's ballot for a special primary election to nominate candidates for office of State senator was not entitled to injunction to prevent the holding of such election as called, as such remedy is not available so to protect such political right, where it does not appear such elector's personal, property or civil rights were invaded and he is not necessarily denied the right to vote at such election even by an absentee voter's ballot and does not appear to be representing parties other than himself, hence, mandamus issues to vacate order granting injunctive relief (PA 1954, No 116, as amended).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 863.
[2-4] 18 Am Jur, Elections § 117.
[3] 44 Am Jur, Quo Warranto § 22 *et seq.*

Original petition for mandamus by Thomas M. Kavanagh, Attorney General, intervenor below in chancery, for the people of the State of Michigan, against Louis E. Coash, Ingham Circuit Judge, judge of the 30th judicial circuit, and Benjamin F. Watson, complainant below in chancery, to compel the dissolution of temporary injunction restraining the holding of a special primary election in a State senatorial district. Submitted February 25, 1957. (Calendar No. 47,218.) Writ granted February 26, 1957. Opinion filed February 28, 1957.

*Thomas M. Kavanagh*, Attorney General, *Edmund E. Shepherd*, Solicitor General, *Daniel J. O'Hara*, and *James R. Ramsey*, Assistants Attorney General, for plaintiff.

*Benjamin F. Watson, in propria persona*, and for defendant Ingham Circuit Judge.

CARR, J. The parties to this proceeding are apparently in accord as to the material facts. On February 5, 1957, a vacancy in the office of senator for the 14th senatorial district of the State resulted from the death of the Honorable Harry F. Hittle, the duly elected and qualified incumbent. The Michigan election law* makes provision for the filling of vacancies of the character in question, in terms empowering the governor of the State to call a special election or to direct that the vacancy be filled at the next general election. The statute further directs that in the event of a special election to fill a vacancy of the character here in question a special primary shall be held in the district concerned not less than 20 days prior to the date of such special election, the date thereof to be specified by the acting

---

* PA 1954, No 116 (CLS 1954, § 168.1 *et seq.* [Stat Ann 1956 Rev § 6.1001 *et seq.*]), as amended.

authority. CLS 1954, §§ 168.631 and 168.634 (Stat Ann 1956 Rev §§ 6.1631 and 6.1634). It is further provided that provisions of the law relative to primary election ballots shall apply to ballots prepared for use at a special primary.

Under date of February 9, 1957, the governor called a special election to fill the vacancy existing in the office of senator from the 14th senatorial district, to be held on April 1, 1957, the date of the general spring election. In the same directive it was specified that a primary election should be held on March 1, 1957, for the purpose of selecting party nominees for said office, and that candidates should file their nominating petitions not later than February 19th following the issuance of the directive. In accordance with the statute the secretary of State notified the clerks for the counties of Ingham and Livingston, comprising said senatorial district, of the calling of the special election and primary. It is the claim of the plaintiff in the instant proceeding that proper election procedure was thus instituted for the purpose of filling the vacancy.

Under date of February 19, 1957, Benjamin F. Watson, who has been named a defendant in the present mandamus action, brought suit in the circuit court of Ingham county against the clerks of the counties comprising the senatorial district, seeking an injunction to restrain the holding of the special primary on March 1st. The bill of complaint averred that the plaintiff was a resident, taxpayer, and duly qualified elector of Ingham county, that he had on February 16th preceding made application for an absent voter's ballot for the special primary, that he was advised by the township clerk of his township that the ballots were not then available, and that he desired to vote by the use of such ballot. It was further averred that because of the lack of time intervening between the calling of the special

primary and the date thereof a sufficient opportunity was not afforded, after receipt of nominating petitions, to prepare the ballots and render them available for the use of absent voters and that, in consequence, the special primary if held on March 1st would be invalid and subject to legal challenge on that ground.

On the filing of the bill of complaint an order was issued by the circuit judge requiring the defendant clerks to show cause why a temporary injunction should not issue restraining the holding of the special primary. Thereupon the attorney general intervened in the proceeding on behalf of the people of the State and moved to dismiss the bill of complaint for the assigned reasons that the pleading failed to allege proper grounds for the granting of equitable relief and that the holding of the special primary in question would not result in any violation of pertinent provisions of the election law. The circuit judge denied the motion to dismiss, and granted an injunction, in accordance with the prayer of the bill of complaint, restraining the holding of the special primary. The attorney general has instituted the present action in mandamus to compel the setting aside of said injunction, asserting that the circuit court was without jurisdiction to grant such relief under the averments of the bill of complaint. On behalf of defendants an answer has been filed contesting plaintiff's right to the issuance of the writ, and the cause has been submitted here on the pleadings and the supporting briefs of counsel.

We are not concerned in this proceeding with the propriety of the order of the circuit court denying the motion to dismiss the bill of complaint in the equity suit. The sole question at issue has reference to the granting of injunctive relief restraining the holding of the special primary election. Plaintiff in the instant mandamus action contends that

a court of equity may not properly enjoin the holding of an election in a case where the sole right asserted by a party seeking injunction is political in nature and does not involve property, personal, or civil rights. The weight of authority throughout the country supports such claim.

It does not appear that the issue involved has heretofore been determined by this Court. In *Attorney General* v. *Board of Supervisors of the County of St. Clair,* 11 Mich 63, the question at issue was the removal of the county seat. It was held that the enabling act of the legislature was not complete in that no provision was made whereby the question could be submitted to the voters of the cities of Port Huron and St. Clair at the same time that it was submitted in the townships throughout the county. The decree of the circuit court granting injunctive relief was affirmed, but because of the factual situation involved it is obvious that the decision cannot be regarded as in point in the instant controversy.

The general rule recognized and applied by courts in cases involving analogous situations is set forth in 43 CJS, Injunctions, § 115(b), p 644, as follows:

"Although there is authority to the contrary, the general rule is that an injunction will not issue to prevent the holding of an election whether or not the election is illegal, and that this is so whether the election relates to the filling of public office or other matters, such as changes in boundaries of political subdivisions and kindred matters. Among others, the reasons assigned for this view are that there is an adequate remedy at law, by quo warranto, and that the right involved is a strictly political right which cannot be enforced or protected by a court of equity but is cognizable only by a court of law. Also injunctions have been denied in some cases by reason of the peculiar conditions which attended

them, as, for instance, where it appeared to be probable that more harm would be done than prevented by granting the injunction prayed for, or where it was apparent that the election would be of no possible benefit to anyone but would probably work irreparable injury to some, particularly if the acts complained of would have a tendency to prevent the construction of works in which the public had an interest."

As suggested in the language above quoted, equitable relief may not properly be substituted for a statutory remedy prescribed for the determination of the validity of an election. This phase of the situation was considered in *Finlayson* v. *Township of West Bloomfield,* 320 Mich 350, in which an order dismissing a bill of complaint seeking a declaratory decree to the effect that a township election was invalid was sustained. Prior decisions were cited in the opinion in support of the conclusion reached. In instances where the statutory remedy of quo warranto is available for determining the question of the validity of an election a court of equity may not properly take jurisdiction.

This brings us to a consideration of the question as to the basis on which the plaintiff in the equity suit sought injunctive relief. The bill of complaint did not allege any threatened invasion to the rights of said plaintiff with respect to personal, property, or civil matters. Neither did it appear that he was representing parties other than himself. Relief was sought on the theory that he was entitled to the protection of a purely political right, the right to vote at the special primary in question. As before noted, the rule is established by the great weight of. authority that equity will not intervene to protect a right of such character.

Furthermore, it does not appear from the allegations of the bill of complaint that said plaintiff

would necessarily be deprived of the privilege of voting at the primary by absent voter's ballot. The pleading merely set forth that on the 1st of March, 1957, plaintiff "will be absent from the State of Michigan." It does not appear that ballots could not be rendered available for the use of plaintiff and his wife, or others similarly situated, in such time as to permit their use at the primary under the so-called absent voter's procedure. In other words, it is not made to appear with any measure of certainty that the political right that plaintiff sought to have protected in equity would necessarily be denied him. The factual situation presented by the bill of complaint was not a proper basis for the granting of equitable relief by way of injunction.

The conclusion follows that plaintiff in mandamus is entitled to the relief sought and to the entering of an order so declaring.

Dethmers, C. J., and Sharpe, Smith, Edwards, Voelker, Kelly, and Black, JJ., concurred.