ROBBINS *v.* WAYNE COUNTY BOARD OF AUDITORS.

1. OFFICERS—INCUMBENTS—VESTED INTEREST—PROPERTY.
    The incumbent of a public office has no vested property interest therein.

2. CORONERS — ABOLITION OF OFFICE — ATTORNEY AND CLIENT — COUNTY EXPENSE.
    The right of incumbent coroners to employ counsel to represent them in their effort to prevent the county board of supervisors from adopting resolution to submit to electorate the question of adopting the medical examiner system to replace the coroners did not entitle the coroners to employ such counsel at the expense of the county, since the con-

REFERENCES FOR POINTS IN HEADNOTES
[1]  42 Am Jur, Public Officers § 9.
[2]  43 Am Jur, Public Officers § 293.

troversy for which the attorneys were employed did not arise in connection with or out of the performance of their duties as coroners (PA 1953, No 181).

3. COUNTIES—ABOLITION OF OFFICE OF CORONER—ATTORNEY AND CLIENT.

Efforts of incumbent coroners, made to prevent abolition of their office by resolution of county board of supervisors submitting question to electors, did not concern the public welfare in such manner as to render the county liable for the payment of compensation to attorneys representing the coroners (PA 1953, No 181).

Appeal from Wayne; Weideman (Carl M.), J. Submitted October 6, 1959. (Docket No. 4, Calendar No. 47,617.) Decided November 24, 1959.

Action by Arthur L. Robbins against Wayne County Board of Auditors to enforce payment of attorney fees for services rendered coroners opposing abolition of office. Claim denied and case dismissed. Plaintiff appeals. Affirmed.

*Robbins & Wechsler* (*Arthur L. Robbins* and *Meyer Weisenfeld,* of counsel), for plaintiff.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy, David E. Flayer* and *Hobart Taylor, Jr.,* Assistant Prosecuting Attorneys, for defendant.

CARR, J. It does not appear that the facts involved in this controversy are in dispute. By PA 1953, No 181 (CLS 1956, § 52.201 *et seq.* [Stat Ann 1957 Cum Supp § 5.953(1) *et seq.*]), the legislature of the State made provision for abolishing the office of coroner and substituting therefor a medical examiner system. It was provided in the act that it should not become effective in any county unless and until submitted to popular vote by resolution of the board of supervisors and approved by a majority of the electors voting on such proposition.

Following the adoption of said act the Wayne county board of supervisors gave consideration to the question of submission to popular vote, and hearings were had before the sheriff's and coroner's committee of said board. The then incumbents of the office of coroner in said county were desirous of preventing affirmative action by the board of supervisors and to that end sought advice and assistance from an assistant prosecuting attorney of the county. They were informed, however, that the prosecutor's office could not represent them in the matter, whereupon they retained plaintiff, a practicing attorney of the city of Detroit, to act in their behalf. It does not appear that approval for such action was sought from the county board of auditors, from the prosecutor's office, or from the board of supervisors.

It is undisputed that plaintiff expended time and effort on behalf of his clients, appearing at hearings conducted by the committee of the board of supervisors and endeavoring to prevent favorable action on a resolution providing for submission of the question of abolishing the office of coroner. A suit in equity was instituted to enjoin such action and apparently plaintiff took an active part therein. Likewise, he intervened on behalf of his clients in an action instituted by third parties to compel the election commission to place the question on the ballot notwithstanding that a motion for reconsideration of the action taken by the board of supervisors was then pending.

The litigation did not affect the final result. The question was submitted to a vote of the people in accordance with the statute, and as a result the medical examiner system was substituted for the office of coroner which, in consequence, was abolished in Wayne county. Thereafter plaintiff's clients issued a voucher for the payment of his services, which the defendant board of auditors rejected. On appeal to

the circuit court defendant's action was sustained on the ground that there was no liability on the part of the county to pay for the services rendered to the coroners by the plaintiff. From the order of dismissal entered plaintiff has appealed.

From the record before us it is apparent that plaintiff was not retained by the coroners to advise them in connection with the performance of the duties of their office, or to represent them in any controversy arising out of the performance of such duties. He was retained to prevent, if possible, the submission to a vote of the electors the question of adopting the provisions of the State statute, which question the legislature had specifically committed for determination to the judgment and discretion of the board of supervisors of each county of the State. It is not denied that the coroners, and of course other citizens of the county as well, were entitled to be heard at the hearings conducted before the committee of the Wayne county board. The issue here, however, is whether the services rendered by plaintiff to his clients were of such nature as to impose on the county the legal obligation to pay therefor.

The following excerpt from the testimony of the plaintiff, given on cross examination in circuit court, indicates the purpose for which he was employed by his clients and the nature of the services that he rendered:

"*Q.* And throughout all of your activities on behalf of the coroner's office, you were interested in either influencing the decision of a legislative body, or in restraining this legislative body from proceeding in making a determination of whether they wanted to submit the question to the electorate, pursuant to the enabling act, PA 1953, No 181?

"*A.* I will be happy to give an unqualified affirmative answer to that question, and I will say, further, that in my opinion the most important and crucial

phase of my services was in connection with the proceedings before the board of supervisors, for the reason that if the resolution was once adopted, it was well known that the vote would go to the electorate, and the resolution would be adopted by the people because of the political climate that existed, and I therefore considered it my duty as an attorney, for the purpose for which I was employed, to do everything within my power, legally, to try to stop, if possible, a resolution coming out of the board of supervisors."

It thus appears that the result sought to be attained by plaintiff and his clients was the prevention of favorable action on the resolution for submission of the adoption of the statute to a popular vote. The determination of the matter was for the board of supervisors in its official capacity. There was involved no dispute between departments or agencies of the county government. The question did not involve the performance of duties pertaining under the then existing law to the office of coroner, or the assertion of liability because of alleged nonperformance or improper performance of such duties. The office of coroner was created by the legislature and no question is raised as to the right to abolish it in like manner. The constitutionality of PA 1953, No 181, is not challenged in this proceeding. It may be observed also that the incumbent of a public office has no vested property interest therein. *Attorney General, ex rel. Rich,* v. *Jochim,* 99 Mich 358, 367 (23 LRA 699, 41 Am St Rep 606) ; *City of Detroit* v. *Division 26 of the Amalgamated Association of Street, Electric Railway & Motor Coach Employees of America,* 332 Mich 237, 251. While the Wayne county coroners concededly had the right to employ an attorney to represent them, it does not follow that, under the facts disclosed by the record before us,

they were entitled to do so at the expense of said county.

Counsel for plaintiff have called attention to numerous decisions from other States and rely thereon in support of their claim that the trial court was in error in dismissing the appeal from the action of the board of auditors. Among such decisions is *Carter* v. *Town of Muscle Shoals,* 242 Ala 519 (7 S2d 74). The question there at issue was whether the governing body of a city faced with a dissolution proceeding had implied power to employ counsel to represent it and to authorize payment of an attorney's fee for the services rendered. It was held that under the laws of the State a legally constituted municipal corporation had an interest in its continued existence and, hence, a right to be heard concerning the dissolution. It will be noted that the right involved was that of the municipality by which the obligation was incurred. The case at bar does not involve an analogous situation.

Counsel also cite *Meehan* v. *Parsons,* 271 Ill 546 (111 NE 529). There the plaintiff sought to enjoin the payment by the city of Cairo of a claim for expenses presented by the mayor of the city and allowed by the city council. The expenses in question were incurred by the mayor in attending congressional sessions and committee hearings in order to obtain a possible appropriation from the Federal government for the construction of levees and embankments in and about the city of Cairo and for a drainage district adjacent thereto. Apparently the mission was successful, and it was claimed on behalf of the mayor that the expenses were properly incurred because the repairing and strengthening of the levees was essential to the welfare of said city and its people. It was held that the city had the right to seek Federal aid for the purpose and to appear before congressional committees through its authorized

agent. Such being the situation the claim for expenses was a proper one. It will be noted that the case did not involve a claim for compensation and that in his efforts to obtain the Federal appropriation the mayor of Cairo acted on behalf of the city in a matter in which the municipality and its people were vitally concerned. The facts involved are not in accord with those in the proceeding before us. Like comment may be made with reference to *Meeske* v. *Baumann,* 122 Neb 786 (241 NW 550, 83 ALR 131), the question at issue being the right of a municipality to retain special counsel to represent it.

Other cases cited by counsel for appellant have been examined and found to involve the authority of municipalities to engage and pay for legal services incurred for the public benefit and welfare, or situations involving the performance of municipal functions, or the acts of public officers pertaining to the duties of their offices. Decisions of such character may not be regarded as supporting appellant's position in the present case, in view of the nature and purpose of his employment by the Wayne county coroners and his acts in connection therewith.

Counsel for defendant call attention to *Hodges* v. *Kauffman,* 95 Cal App 598 (273 P 125). There it appears that a petition had been filed for the recall of 3 of the members of the board of trustees of the city of South San Francisco, the trustees named constituting a majority of said board. A proceeding in mandamus was instituted to compel the calling of an election, and a writ was issued, presumably based on a finding that the petition was legally sufficient and that, in consequence, the board of trustees, defendant in the mandamus action, had no discretion. The 3 trustees whose recall was sought then issued warrants to the city treasurer for the payment of certain expenses claimed to have been incurred in defending the mandamus action. In a proceeding instituted

to compel payment of the warrants it was held that payment was properly refused. On appeal the judgment of the trial court was affirmed on the ground that (p 601):

"Under the circumstances there could be no reasonable ground for the contention that the expense incurred was a municipal charge."

In the instant case we think that plaintiff's claim for fees because of services rendered to the coroners at their request is not a proper charge against Wayne county. The sole purpose of such services was to prevent the board of supervisors from submitting to a popular vote the adoption of the legislative act of 1953 abolishing the office of coroner and substituting therefor the medical examiner system. There was no dispute between departments of county government, nor was there a controversy involving the performance or nonperformance of the functions of any officer, agency, or department of such government. The question for determination was one committed solely to the discretion of the board of supervisors. Efforts to prevent affirmative action with reference to the submission of the issue did not concern the public welfare in such manner as to render the county liable for the payment of compensation therefor.

The judgment of the circuit court is affirmed, with costs to defendant.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.