### KADANS v. WAYNE COUNTY CLERK.

1. Elections—Delegate to Constitutional Convention—Nominating Petitions—Form.

   Stack of petitions for nomination of plaintiff as delegate for constitutional convention, consisting of 59 pages with only the last signed by the circulator and the other 58 attached and measuring 8-1/2″ by 9-1/2″ on which the signatures were numbered consecutively for the entire stack, *held,* substantial compliance with pertinent statutes as to nominating petitions for the office and, where otherwise in acceptable form, sufficient to have nominated plaintiff (CLS 1956, § 168.183, as amended by PA 1960, No 125; § 168.544).

2. Costs—Mandamus—Nominating Petitions.

   No costs are allowed in mandamus proceeding to compel acceptance by defendant county clerk of plaintiff's nominating petitions for office of delegate to constitutional convention in form presented.

Appeal from Wayne; Kaufman (Nathan J.), J. Submitted June 16, 1961. (Docket No. 54, Calendar No. 49,358.) Decided June 28, 1961.

---

References for Points in Headnotes
[1] 18 Am Jur, Elections § 120.
[2] 35 Am Jur, Mandamus § 393.

Mandamus by Joseph Kadans against Edgar M. Branigin, Wayne county clerk, to compel acceptance for filing his nominating petitions for delegate to constitutional convention. Petition dismissed. Plaintiff appeals. Reversed and writ ordered to issue.

*Joseph Kadans, in propria persona.*

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *Peter Karapetian,* Assistant Prosecuting Attorneys, for defendant.

PER CURIAM. Plaintiff, desiring to be a candidate for election as delegate to the constitutional convention of 1961, applies for mandamus compelling the defendant clerk "to accept and file" his tendered nominatory petition sheets. The joined issue has been submitted upon an agreed statement of facts (see Court Rule No 66, § 10 [1945]), the essential details of which are set forth in the appendix.

The Wayne county prosecuting attorney, appearing for the defendant clerk, refers to certain sections of the general election law, as amended, as justification for his refusal to accept and certify according to plaintiff's demand (the quotations are taken from the prosecutor's brief, with appropriate citation, the better to pinpoint his reasons for denial of a writ):

"Nominating petitions shall be in the form required by section 544 of this act, and circulated in the same manner as nominating petitions for State senator." PA 1960, No 125, § 183.*

"The size of all nominating petitions shall be 8-1/2 inches by 13 inches and shall be printed in the following size types: * * * shall have attached thereto

---

* This act amends the Michigan election law (PA 1954, No 116), adding chapter 9A to provide for election of delegates to the constitutional convention.—REPORTER.

designated spaces for the signatures and addresses of the circulators or of each individual circulator thereof, shall have attached thereto an affidavit of the circulators or of each individual circulator thereof, and shall be in the following form: * * * ." CLS 1956, § 168.544 (Stat Ann 1956 Rev § 6.1544).

"Each petition circulated in behalf of each candidate shall have affixed thereto the signature of each circulator thereof, who shall be required to identify himself by affixing his address opposite his signature. Each petition circulated in behalf of each candidate shall have such affidavit affixed thereto, but such affidavit may apply to more than 1 petition if circulated by 1 person: Provided, That if such affidavit is intended to apply to more than 1 petition, all petitions to which it is intended to apply shall be so bound, fastened or clipped together, * * * as to evidence such intent." *Id.*

We find that the constitutional as well as legislative design of the quoted statutory provisions has been complied with by plaintiff according to the rule of "substantial compliance" former Attorney General and now Justice KAVANAGH considered in his opinion of July 13, 1956 (OAG No. 2664, vol 2, p 399, Biennial report 1955–1956), and that the defendant should in consequence have accepted that which so far he has rejected.*

The fact that each of the first 58 sheets of nominating signatures (see appendix), although otherwise in legally acceptable form, includes no form of affidavit—attested or blank—and so is approximately 2-1/2 to 3 inches shorter than the standard petition sheet of 13 inches, means nothing of substance so long as the sum total of necessary nominatory signatures are duly attested by 1 unitary affidavit by

---

* The constitutional design to which reference is made appears in Const 1908, art 3, § 8. For corresponding section of the Constitution of 1850, see art 7, § 6. For relevant construction of such last mentioned section, see *Dapper v. Smith,* 138 Mich 104.

the circulator of the whole. Such is the case here. If the 58 sheets had been that much longer, a different question might have arisen, related possibly to statutorily desired filing practices. However, that is not before us.

We conclude from the face of the papers that plaintiff is entitled to become a candidate for nomination to the office sought by him. A writ will therefore issue as prayed. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

## APPENDIX

Taken from agreed statement of facts:

"On June 6, 1961, the last day for the filing of nominating petitions by candidates for the office of constitutional convention delegates, the plaintiff herein, Joseph Kadans, appeared at the office of the Wayne county clerk and presented for filing 3 separate stacks of petitions for his candidacy as delegate from the 18th senatorial district. The largest of the 3 stacks consisted of 59 pages. All of the petitions were forms prepared by the county clerk in compliance with the form prescribed in section 544 of the election law. That portion of each of the 58 pages below the space provided for the 20th signature and which contained lines for the signature of the circulator or circulators, his or her address and the affidavit following thereto, were torn off, thus reducing each of the 58 sheets to a size measuring 8-1/2 inches by 9-1/2 inches, and were unsigned by the circulator. All of these petitions were fastened to the 59th sheet, which last sheet was signed by the circulator and sworn to before a notary public. The 59th, or last sheet, also contained the following statement by the circulator, inserted before the authentication:

" 'I hereby certify that this petition, consisting of 59 pages, is, to the best of my knowledge and belief, a true petition, and all of the pages attached hereto were circulated by me.'
The numerical sequence of the signatures of the electors was also changed on each sheet so that the first signature on the second sheet became number 21 and right on through page 59, the last signature being 1,180. The other 2 stacks were identically prepared and filed as the largest of the 3 stacks. (All of these petitions are in the court file transmitted to the Supreme Court, as per section 1 of Rule No 66 of the Michigan Court Rules [1945].*)

"Plaintiff claims that each of the 3 stacks of petitions constituted 1 single petition and that his signature as circulator, together with the statement that all of the petitions were circulated by him, need only appear on the last sheet of each stack and having thus prepared and filed, he has substantially complied with the statutory requirements as provided in section 544 of the election law.

"Defendant, county clerk of Wayne county, claims that each sheet is a separate petition and, thus, must contain the signature of the circulator, but that only 1 petition need have an affidavit executed if all of the petitions were circulated by the same person. The defendant also claims that the requirement of signature on each petition and the size of petitions, namely 8–1/2 inches by 13 inches, is mandatory under PA 1954, No 116, § 544 (CLS 1956, § 168.544 [Stat Ann 1956 Rev § 6.1544]), and that unless each of the petitions bears the signature of the circulator and conforms to the size prescribed in the statute, he cannot construe such petitions as valid and accept the filing thereof."

* As revised, 1956. See 347 Mich xvii.—Reporter.