GAUT v. SOUTHFIELD

1. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENT—MUNICIPAL PRO-
CEDURE—STATUTES.
City charter and ordinance provisions which affect procedure
prior to the time a special assessment roll is prepared need
not be followed; municipal procedures govern only after the
roll is prepared (MCLA § 123.743).

2. CONSTITUTIONAL LAW—STATUTES—EQUAL PROTECTION—CLASSIFI-
CATION.
The Legislature may create different classifications in a statute
so long as all persons within a given classification are given
identical treatment.

3. CONSTITUTIONAL LAW — MUNICIPAL CORPORATIONS — COUNTIES —
CLASSIFICATION — EQUAL PROTECTION.
The Legislature can create classification based on the difference
between municipal and county governments.

4. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENT—HEARING ON NE-
CESSITY—STATUTES—CONSTITUTIONAL LAW.
Statute which eliminates the requirement of a municipality's
holding a hearing on necessity before preparing a special
assessment roll is not unconstitutional even though county
residents are entitled to such a hearing, because the Legislature
may make a classification distinguishing counties and munici-
palities if the classification is not unreasonable or arbitrary
(MCLA § 123.743).

Appeal from Oakland, James S. Thorburn, J.
Submitted Division 2 May 5, 1971, at Detroit.
(Docket No. 9729.) Decided June 25, 1971. Leave
to appeal granted, 386 Mich 763.

Complaint by Merlin Gaut, Theodore G. Sulik, and
others, as a class, against the City of Southfield to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 129.
[2–4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 102–109.

have special assessment proceedings adjudged void. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*James E. Wells,* for plaintiffs.

*Sigmund A. Beras,* City Attorney, for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. On September 17, 1968, plaintiffs brought a class action against the City of Southfield contending that special assessment proceedings relatives to the installation of a sanitary sewer system were void, invalid, unconstitutional, and of no effect. The procedure employed by the city pursuant to MCLA § 123.743 (Stat Ann 1971 Cum Supp § 5.570 [13]) provided for only one hearing for purposes of reviewing the special assessment roll and hearing and considering objections to the special assessment district. It was plaintiffs' position that, pursuant to city ordinance No 147 and § 9.26 of the Southfield City Charter, a public hearing on necessity should have been held before the one required by statute.

The trial court granted defendant's motion for summary judgment on the basis that the special assessment proceedings were lawful because the defendant city had a choice of whether to follow the statutory or charter provisions and further because the issue was not properly before the court because the plaintiffs made no objection when given an opportunity at the public hearing that was held. Plaintiffs appeal as of right.

Plaintiffs first contend, as they did below, that since MCLA § 123.743 (Stat Ann 1971 Cum Supp § 5.570[13]) does not state that necessity hearings under organic city law are forbidden, the city ordinance providing for a necessity hearing must be followed. The statute provides:

"When the board of public works shall determine to spread all or part of the cost of a project to a special assessment district, it shall proceed as provided in chapter 2 of this act. If a municipality other than a county operating under this act elects to raise moneys to pay all or any portion of its share of the cost of a project by assessing the same upon benefited lands, its governing body shall so determine by resolution and fix the district therefor. *The governing body shall then cause a special assessment roll to be prepared and thereafter the proceedings in respect to the special assessment roll and the making and collection of the special assessments thereon, shall be in accordance with the provision of the statute or charter governing special assessments in the municipality,* except that the total assessment may be divided into any number of installments not exceeding 30, and any person assessed shall have the right at the hearing upon the special assessment roll to object to the special assessment district previously established in which event due consideration shall be given to the objections." PA 1957, No 185, § 13, Imd. Eff. June 4, as amended PA 1964, No 42, § 1, Eff. Aug. 28. (Emphasis supplied.)

It is the opinion of this Court that the word "thereafter" in the italicized portion of the statute expresses a legislative intent to eliminate city charter and ordinance provisions which affect the procedure prior to the time the assessment roll is prepared. The statute thus provides that only after the roll is prepared do the municipal procedures govern.

The statute does confer upon any person the right to object to the special assessment district. The statute does, therefore, afford the same opportunities to object as the citizens had under the former procedure.

Plaintiffs contend, however, that even if the statute does eliminate the requirement of holding a hear-

ing on necessity, the statute denies citizens of a municipality due process[1] and equal protection because county residents under MCLA § 123.752 (Stat Ann 1961 Rev § 5.570[22]) and MCLA § 123.754 (Stat Ann 1961 Rev § 5.570[24]) are afforded two public hearings under identical circumstances.

The Legislature may create different classifications so long as all persons within a given classification are given identical treatment. Just as the Legislature may create classifications based upon population,[2] we see no reason why the Legislature cannot distinguish between municipal and county governments. Plaintiffs cite no cases to support their proposition. Absent some showing of arbitrariness or unreasonableness, the question is not properly before this Court:

> "A classification is sufficient if it is practical and reasonable, and is not reviewable unless palpably arbitrary and unreasonable."[3]

Therefore, since plaintiffs make no showing of arbitrariness or unreasonableness, we find no merit in their contention that the statute is unconstitutional.

Defendant contended in their brief that plaintiffs are barred from bringing the action below because they failed to present any objections to the assessment at the hearing as the statute prescribes. Since we have found in defendant's favor on both of the issues raised by plaintiffs, we find it unnecessary to discuss this question.

Affirmed.

---

[1] A special assessment is not a "taking" of property for public use. See *Roberts* v. *Smith* (1897), 115 Mich 5, 7, 8. Therefore, there is no constitutional requirement for a hearing on necessity in special assessment proceedings. See *Smith* v. *Carlow* (1897), 114 Mich 67.

[2] See *Jeffries* v. *Election Commission* (1940), 294 Mich 255.

[3] *Tribbett* v. *Village of Marcellus* (1940), 294 Mich 607, 612.