# Order

Michigan Supreme Court
Lansing, Michigan

October 26, 2011

143878(28)(29)(31)(32)(33)

PAUL H. SCOTT,
        Plaintiff-Appellee,

v

MICHIGAN DIRECTOR OF ELECTIONS,
and GENESEE COUNTY DIRECTOR OF
ELECTIONS,
        Defendants,

and

GARY CARNAHAN,
        Intervening Defendant-Appellant,

and

GOVERNOR RICHARD SNYDER and
ATTORNEY GENERAL BILL SCHUETTE,
        Intervenors.
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 143878
COA: 306155
Ingham CC: 11-000982-AA

On order of the Court, the motions for immediate consideration are GRANTED. The motion to intervene is GRANTED. The motions for reconsideration of this Court's October 20, 2011 order are considered, and they are DENIED, because it does not appear that the order was entered erroneously.

The ultimate question here is whether signatures gathered on a recall petition are invalid if collected before a circuit court appeal of a ruling on the clarity of a petition is decided. MCL 168.952(7). Plaintiff, Representative Paul Scott, relying on this statute, urges that no signatures collected before the circuit court's decision are valid, and defendants argue to the contrary. Given the absence of explicit language in the statute indicating one way or the other, plaintiff's construction is at the very least debatable.

The granting of an injunction constitutes an extraordinary judicial power that is only justified when the party seeking an injunction can show a likelihood that it will succeed on the merits of the claim. *Northern Warehousing, Inc v Dep't of Ed*, 475 Mich

859 (2006). To halt an election by an injunction is an even more extraordinary action. "[E]quitable relief," such as an injunction, "may not properly be substituted for a statutory remedy prescribed for the determination of the validity of an election." *Attorney General v Ingham Circuit Judge*, 347 Mich 579, 584 (1957).

The circuit court's original decision concluding that plaintiff *had not* met his burden to prevent the recall election properly applied the standards for determining whether to grant an injunction. The court correctly concluded that plaintiff had not shown a likelihood of succeeding on his claim. *Scott v Director of Elections*, 490 Mich ___ (entered October 20, 2011, Docket No. 143878).

Plaintiff has now petitioned this Court, claiming that he does not seek to prevent the recall election, but merely seeks to move it to the next scheduled election in February because of the confusion created by the several judicial decisions in this matter. However, plaintiff cites no authority for the proposition that this Court is authorized to "adjourn" an election.

It is our firm hope that those officials charged with administering the election in Genesee County will ensure the fullest participation in the electoral process of all citizens who wish to have their voices heard on this matter.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 26, 2011

d1026

Clerk