Cavanagh, Marilyn Kelly, and Hathaway, JJ.
(concurring in part and dissenting in part). We concur in Justice Mary Beth Kelly’s holding that a writ of mandamus should issue in this matter. As a result of our concurrence on this point, Proposition 4 will appear on the ballot.
However, we strongly dissent from the grave actions taken by the justices supporting the position in part 111(A) of Justice Mary Beth Kelly’s opinion. Their decision to depart from 30 years of precedent by abandoning the substantial-compliance doctrine throws Michigan’s electoral process into chaos and disenfranchises citizens from one of the most basic rights of democracy: the right to vote.
The holding of these justices that a mere clerical technicality — which has not and cannot be shown to create any harm whatsoever — could have prevented a referendum vote from taking place, in the face of more *633 than 200,000 citizens who signed the petition to place the referendum on the ballot, is unprecedented and highly disturbing.
That position lacks any sense of the gravity and importance of democracy. Article 1, § 1 of Michigan’s Constitution states that “[a]ll political power is inherent in the people. Government is instituted for their equal benefit, security and protection.” Furthermore, our Constitution provides that “[t]he legislature shall enact laws to preserve the purity of elections” and “to guard against abuses of the elective franchise.. ..” Const 1963, art 2, § 4. MCL 168.482(2) is one of these laws, and it was intended to protect the election process,[1] but four justices have now turned it into a barrier that could prevent a vote from even taking place. Their holding will have a chilling effect on core political speech, and we cannot join this result. As the Court of Appeals so eloquently stated in Senior Accountants, Analysts & Appraisers Ass’n v Detroit, 218 Mich App 263, 270; 553 NW2d 679 (1996):
The wisdom of the principle of judicial restraint expressed by our Supreme Court in [Attorney General v Ingham Circuit Judge, 347 Mich 579; 81 NW2d 349 (1957)], is self-evident; the notion that our courts may precipitously intervene in the political arena and preempt a vote of the people is inconsistent with both the role of the courts and the principles of our democracy.
We vote to affirm the Court of Appeals and its issuance of mandamus. As stated, we also concur with Justice Mary Beth Kelly’s issuance of mandamus. As a result, Proposition 4 will appear on the ballot. We note that, given Justice MARY BETH Kelly’s finding of actual compliance — which must necessarily encompass sub *634 stantial compliance, because actual compliance is a higher standard than substantial compliance — there are four votes that find at least substantial compliance and allow the voters to determine the merits of this proposal. The determination of whether actual or substantial compliance is the proper standard is unnecessary to the decision in this case.
Cavanagh, Marilyn Kelly, and Hathaway, JJ., concurred.

 See, generally, Kadans v Wayne Co Clerk, 363 Mich 306, 308; 109 NW2d 788 (1961).