RUPERT v. VAN BUREN COUNTY CLERK.

1. MANDAMUS—OFFICERS—NATURE OF CORRELATIVE RIGHT AND DUTY —MINISTERIAL ACT—DISCRETION.

To support mandamus against a public officer plaintiff must have a clear legal right to performance of the specific duty sought to be compelled; defendant must have a clear legal duty to perform such act and the act to be performed must be a ministerial act, not one in which the exercise of any discretion is permissible.

2. SAME—OFFICERS—CONSTRUCTION OF STATUTES—MINISTERIAL ACTS.

An official act which requires the construction of a group of statutes by an officer in order to determine his duty to perform an act involves the exercise of judgment, hence his duty is not merely a ministerial one, performance of which may be compelled by mandamus.

3. OFFICERS—DISCRETION—COURTS.

Rather than encroach upon the discretionary powers of public officers if there is any reasonable doubt as to the question of discretion or want of discretion, courts will hesitate to interfere and prefer to extend the benefit of the doubt in favor of the officer.

4. MANDAMUS—COUNTY CLERK—PROSECUTING ATTORNEY'S STENOGRAPHER—DISCRETION OF OFFICERS.

Mandamus to compel county clerk to issue plaintiff a warrant for her salary as stenographer for prosecuting attorney for a month held, properly denied where plaintiff was appointed by prosecuting attorney and board of supervisors had previously appropriated a sum of money for payment for such an employee, appointed another person as county stenographer, and ordered that she do all the stenographic work of the prosecuting attorney's office, and act of clerk in issuance of a warrant would require construction of statute which he is presumed to know relative to appointment of employees of prosecuting attorney's office (1 Comp. Laws 1929, § 1297).

5. COSTS—PUBLIC QUESTION—PROSECUTING ATTORNEY'S STENOG-
RAPHER.

> No costs are allowed in mandamus proceeding to compel a county
> clerk to issue warrant for salary of stenographer for prosecut-
> ing attorney, a public question being involved.

Appeal from Van Buren; Hartrick (George B.), J.,
presiding.   Submitted August 15, 1939.   (Calendar
No. 40,666.)   Decided September 5, 1939.

Petition by Oradell Rupert for a writ of mandamus
to compel Charles H. Wade, clerk of Van Buren
county, to issue a warrant to pay plaintiff for serv-
ices as stenographer.   Writ denied.   Plaintiff re-
views by appeal in the nature of certiorari.   Af-
firmed.

*Carl Benton* (*Lewis R. Williams,* of counsel), for
plaintiff.

*Harry C. Howard,* for defendant.

SHARPE, J.   Plaintiff filed a petition in the circuit
court of Van Buren county for a writ of mandamus
to compel the county clerk to issue a warrant to pay
plaintiff the sum of $100 out of county funds in pay-
ment of services rendered the county of Van Buren
for the month of January, 1939.

It appears that on October 20, 1938, the board of
supervisors of Van Buren county authorized and
made provision for the appointment of a stenog-
rapher for the office of the prosecuting attorney; and
appropriated the sum of $1,200 as salary therefor
for the year 1939.   It also appears that on the 8th
day of November, 1938, Sheldon Rupert was elected
prosecuting attorney of said county and entered upon
the duties of his office January 1, 1939; and on Janu-
ary 3, 1939, appointed plaintiff as his stenographer.

Plaintiff performed the duties assigned to her for the month of January, 1939, and since that time has been so employed. On the 1st day of February, 1939, plaintiff made a demand upon the county clerk to issue his warrant to pay plaintiff the sum of $100 for services rendered during the month of January, 1939. The county clerk refused to issue the warrant.

Upon the filing of plaintiff's petition an order to show cause was entered and in answer thereto the county clerk filed a motion to vacate the order to show cause for the reason that plaintiff has an adequate remedy at law; and that a mandamus proceeding will not lie against defendant in the matters set forth in plaintiff's petition.

The trial court denied the issuance of the writ and dismissed plaintiff's petition for the reason stated that in view of the appointment of Mrs. Lamme to the position by the board of supervisors, and the prosecuting attorney having appointed plaintiff to the position, and the dispute resulting over the salary, the county clerk was justified in refusing to issue the check and warrant until the controversy was legally adjudicated. Plaintiff appeals.

In this cause the defendant filed no answer to plaintiff's petition, but in defendant's motion to vacate the order to show cause reference is made to the following:

"Copy of recorded minutes of regular meeting of the board of supervisors of Van Buren county, Michigan, duly adjourned from October, 1938, to December, 1938.

"'Motion by supervisor Schnake, supported by supervisor Hayne, that we appoint a county stenographer and that the county stenographer do all the work in the prosecuting attorney's office. Motion carried.

"'Motion by supervisor Crandall, supported by supervisor Carris, that the rules be suspended and

that Mrs. Genevieve Lamme be elected as county stenographer. Motion carried.' "

The act under which a stenographer in the office of prosecuting attorney may be appointed reads as follows:

"In each county of the State of Michigan, the board of supervisors of such counties, at their regular annual meeting, may, by resolution authorize the appointment by the prosecuting attorney of said county of as many assistant prosecuting attorneys as said board of supervisors shall deem necessary, and shall in addition authorize the appointment by said prosecuting attorney, of such investigating officers, clerks, stenographers and other clerical employes as said board of supervisors shall deem necessary." 1 Comp. Laws 1929, § 1297 (Stat. Ann. § 5.791).

It is the claim of plaintiff that the board of supervisors of Van Buren county has never in the past interpreted the statute as demanding a specific resolution; and that the appropriation of $1,200 by the board as salary for the stenographer in the office of the prosecuting attorney was an authorization for the prosecuting attorney to make such an appointment and having been so appointed she is entitled to her salary.

In our opinion the right of plaintiff to a writ of mandamus is the principal question involved.

In *Toan* v. *McGinn,* 271 Mich. 28, 34, we said:

"The applicable rules are clear. To support mandamus plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled; defendants must have a clear legal duty to perform such act; and it must be a ministerial act, one 'where the law prescribes and defines the duty to be performed with such precision and cer-

tainty as to leave nothing to the exercise of discretion or judgment.' 38 C. J. p. 598.

"See, also, *Globe Indemnity Co.* v. *Richer,* 264 Mich. 224; *Sezor* v. *Proctor & Gamble Soap Co.,* 267 Mich. 128.

"Where an official act required construction of a group of statutes, it was held that the determination by the officer of his duty to perform the act involved the exercise of judgment and his duty was not ministerial. *American Casualty Ins. & Security Co.* v. *Fyler,* 60 Conn. 448 (22 Atl. 494, 25 Am. St. Rep. 337)."

"In this connection it has been said that so jealous are the courts of encroaching in any manner upon the discretionary powers of public officers that, if any reasonable doubts exist as to the question of discretion or want of discretion, they will hesitate to interfere, preferring rather to extend the benefit of the doubt in favor of the officer." 18 R. C. L. p. 125.

In the case at bar defendant as county clerk knew of the action of the board of supervisors in appointing a county stenographer and is presumed to know of 1 Comp. Laws 1929, § 1297 (Stat. Ann. § 5.791). In view of the fact that the board of supervisors failed to authorize the appointment of a stenographer for the office of the prosecuting attorney, the county clerk was required to construe section 1297 to determine whether the prosecuting attorney had the right to appoint a stenographer. Such action would involve judgment. It was not a mere ministerial duty.

Under the authority above cited, the trial court was correct in denying the issuance of the writ. No costs will be allowed as a public question is involved.

Butzel, C. J., and Wiest, Bushnell, Potter, Chandler, North, and McAllister, JJ., concurred.