LAWLOR *v.* CITY OF DEARBORN.

WALLER *v.* SAME.

1. MUNICIPAL CORPORATIONS—SEALERS OF WEIGHTS AND MEASURES—STATUTES.

   The authority to enact an ordinance creating the office of city sealer of weights and measures is conferred upon cities by statute (1 Comp. Laws 1929, § 5538).

2. SAME—SEALERS OF WEIGHTS AND MEASURES—SPECIAL POLICE-MEN—POLICE DEPARTMENT—CIVIL SERVICE.

   The mere, fact that the statute authorizing cities to create the office of city sealer of weights and measures provides that the enforcing officers are to be ''special policemen'' does not make appointees of a city members of its police department so as to exempt them from classified civil service under city charter (1 Comp. Laws 1929, § 5540; Dearborn Charter of 1929, amendment of 1935, §§ 5, 15).

3. SAME—CHARTERS—CIVIL SERVICE—CERTIFIED EMPLOYEES.

   Under new city charter provisions pertaining to retention of employees under the classified civil service where it was required that persons holding positions in such service would be retained without preliminary or performance tests, in case they had been certified by the prior civil service commission, recently appointed employees who had not been so certified were not entitled to benefits of such provision of new charter (Dearborn Charter of 1943, chap. 9, § 9.9).

4. SAME—CHARTERS—CIVIL SERVICE—UNCERTIFIED EMPLOYEES.

   Under provisions of new city charter pertaining to civil service where employees had not been certified by previously existing civil service commission as regular or permanent employees, they were subject to new charter provisions and the rules adopted thereunder (Dearborn Charter of 1943, chap. 9, § 9.9).

5. SAME—ASSISTANT SUPERINTENDENTS OF WEIGHTS AND MEASURES
—CIVIL SERVICE—INCUMBENTS.

The opinion of corporation counsel, that incumbents of posi-
tions as assistant superintendents of weights and measures,
appointed pursuant to previous city charter but not certified
by then-existing civil service commission and who were first
continued as temporary employees under new charter operat-
ing with similar rules as to civil service employees, were en-
titled to the positions and salaries thereof as against plaintiffs
who had highest ratings on promotional employment list,
was no justification for certification of incumbents for
permanent employment contrary to plain mandate of charter
(Dearborn Charter of 1943, chap. 9, § 9.9).

6. SAME—CIVIL SERVICE—CERTIFICATION AS TO PERMANENT EMPLOY-
MENT—DISCRETION OF COMMISSION.

A municipal civil service commission which certified incumbents
for permanent employment as assistant superintendents of
weights and measures after adoption of new charter exceeded
its authority where incumbents did not receive the highest
ratings in the promotional list and, since they had not been
certified by previous civil service commission, were not en-
titled to permanent employment without examination and
charter required certification of plaintiffs as the persons
highest on such list, the commission having no discretion to
exercise in case presented (Dearborn Charter of 1943, chap. 9,
§§ 9.6, 9.9).

7. SAME—CIVIL SERVICE—PROMOTIONAL EMPLOYMENT LIST—CER-
TIFICATION—INSTALLATION IN EMPLOYMENT.

Plaintiffs who ranked highest on promotional employment list
for office of assistant superintendents of weights and measures
were entitled to certification by civil service commission and
installation in such positions by the superintendent under
mandatory city charter provisions (Dearborn Charter of 1943,
chap. 9, §§ 9.6, 9.9).

8. COSTS—PUBLIC QUESTION—CIVIL SERVICE APPOINTMENTS.

No costs are allowed in suits to compel certification of plain-
tiffs as assistant superintendents of weights and measures
pursuant to civil service provisions of city charter, a public
question being involved (Dearborn Charter of 1943, chap. 9,
§§ 9.6, 9.9).

Appeal from Wayne; Friedman (William), J. Submitted May 17, 1944. (Calendar No. 42,639.) Decided June 5, 1944.

Separate petitions by James Lawlor and Charles H. Waller for writ of mandamus to compel the City of Dearborn and certain of its officers to install plaintiffs in position of assistant superintendents of weights and measures. Defendants review issuance of writs by appeal in nature of certiorari. Affirmed.

*Floyd T. Schermerhorn,* for plaintiffs.

*Dale H. Fillmore,* Corporation Counsel, and *Richard A. Hicks,* Assistant Corporation Counsel, for defendants.

BOYLES, J. These consolidated cases involve the construction of an amendment to the city charter of Dearborn adopted in 1935, providing for a civil service commission; a new city charter effective January 6, 1943, re-creating the civil service commission and defining the status of officers and employees holding positions when this charter took effect; and the action of the defendants in refusing plaintiffs employment by the city. The circuit court for Wayne county granted writs of mandamus directing defendants to install plaintiffs in the position of assistant superintendents of weights and measures for the defendant city. Upon leave granted, defendants prosecute appeal in the nature of certiorari from the orders of the circuit court granting the writs. The facts are not in dispute.

In 1935 the city of Dearborn amended section 34 of chapter 6 of its then-existing charter to provide for a civil service commission to govern and control

the appointment of employees of the city of Dearborn. This charter remained in full force and effect until a new charter covering civil service, among other things, became effective January 6, 1943. On December 29, 1942, the city council adopted ordinance 216, creating a department of licenses, weights and measures, and two positions of assistant superintendents of weights and measures. Statutory authority for this ordinance is found in 1 Comp. Laws 1929, § 5538 (Stat. Ann. § 12.1076), which provides in part:

"Any incorporated city in this State may in its discretion appoint a city sealer of weights and measures under this act. He shall be appointed by the mayor, by and with the advice and consent of the common council."

On December 30, 1942, the mayor of the city of Dearborn appointed one Karmann and one Neary as assistant superintendents of weights and measures. On the same day, the appointments were approved at a meeting of the common council, and Messrs. Karmann and Neary both took the oath of office and thereupon began to discharge the duties of the office.

The city charter (1929) in effect at that time had a chapter inserted by amendment in 1935 providing for classified civil service for city employees, to be administered by a civil service commission. Section 5 provided:

"*Classified City Service*    *    *    *
"The commission shall classify all positions and employment in the city of Dearborn to which appointments are made by any person or persons. The positions and employment so classified by the commission shall constitute the classified service of the city of Dearborn, and no appointment to any such

position or employment shall be made except under and according to the rules herein mentioned after the promulgation thereof.''

The charter then in effect did not include the positions now under consideration among those exempt from civil service. Section 15 provided:

*"Exemption from Civil Service*

''The following officers and employees shall not be affected by the provisions of this chapter: officers elected by the people; officers and heads of departments appointed by the mayor; registrars, inspectors, supervisors, clerks and other assistants of elections; the mayor's secretary and other office assistants; officers and members of the fire department and of the police department; persons employed as experts under provisions of section 33 of chapter 6 of the charter of the city of Dearborn.''

In that connection, defendants claim that the position of assistant superintendent of weights and measures is exempt from civil service under the above provision because the State law (1 Comp. Laws 1929, § 5540 [Stat. Ann. § 12.1077]) makes the deputy and the inspectors of the city superintendent of weights and measures ''special policemen.'' The mere fact that they were made ''special policemen'' by the State act, obviously for the purpose of enforcing the act, did not make these appointees ''members of the  *  *  *  police department'' of the city so as to *exempt them from classified service* under other provisions of the city charter.

Pursuant to the mandate in section 5 of that charter, the then-existing civil service commission made orders and rules classifying positions and employment in civil service, as follows:

''Rule 1.  *  *  *

''c. 'Position' means any office or place of employment in the classified service with duties and

responsibilities calling for the full time or part time employment of one person in the performance and exercise thereof.

"d. 'Permanent position' means any position in the classified service which has required or which is likely to require the services of an incumbent without interruption for a period of more than six months.    *    *    *

"Rule 6.

"SEC. 7.    (a) Jurisdictional Classification.    The unclassified service shall be comprised of officers elected by the people, officers and heads of departments appointed by the mayor, registrars, inspectors, supervisors, clerks and other assistants of elections, the mayor's secretary and other office assistants.    All such officers and employees shall be exempt from the provisions of these rules or any· amendments thereto.

"SEC. 7.    (b) Classified Service.    The classified service shall be comprised of all positions, except those mentioned in section 7 (a), which are hereby declared subject to the provisions of these rules or any duly authorized amendments thereto."

We conclude from the foregoing charter provisions and the rules of the city civil service commission then in effect prior to the new charter, and in effect at the time that Messrs. Karmann and Neary were appointed to the position of assistant superintendents of the department of weights and measures, that this position was in the classified service.

On January 2, 1943, before the new charter went into effect, the city superintendent of the department of weights and measures requested the then-existing civil service commission to certify Karmann and Neary for the position of assistant superintendent in accordance with the terms and provisions of the original civil service law and the rules then in effect.    Nothing was done on this request by the

civil service commission then in existence, but action was taken on January 8, 1943, by the new civil service commission provided for in the new charter. This will be considered later.

Chapter 9, § 9.8, of the new charter, effective January 6, 1943, defines unclassified and classified service as follows:

"The unclassified service shall comprise offices and positions held by:

"(a) Members of the city council and other elective city officers,

"(b) Corporation counsel and his chief assistant or deputy,

"(c) Elections inspectors,

"(d) Chief of the fire department,

"(e) Chief of police,

"(f) Directors and members of commissions and boards in charge of departments of the government of the city.

"The classified service shall include all other positions, now existing or hereafter created, and the provisions of this chapter shall apply thereto."

It is apparent from the foregoing that the position of assistant superintendent of weights and measures is within the classified service under the new charter. It then becomes necessary to determine whether Karmann and Neary, occupying those positions in the classified service under the former charter and rules of the civil service commission, were "blanketed" into the classified service under the new charter by any of its provisions, or by rules of the new civil service commission in pursuance thereof. Chapter 9, § 9.9, of the new charter defines the status of officers and employees holding positions when the charter took effect. It consists of three sentences, each covering a different situation, and they will be considered seriatim. The first situation covered is as follows:

"Except as provided in the preceding section, any person holding a position in the city classified service when this charter takes effect who shall have been properly certified by any civil service commission existing at the time of the adoption of this charter shall be retained without preliminary or performance tests and shall thereafter be subject in all respects to the provisions of this chapter."

As has been pointed out, Messrs. Karmann and Neary, although holding a position in the classified service when the new charter took effect, had not been certified by the then civil service commission and therefore were not entitled to be retained without preliminary or performance tests, under the above provision in section 9.9.

The second situation covered by section 9.9 is as follows:

"Except as otherwise provided in this charter, any persons who are serving in positions which positions were previously in the classified service as determined by any civil service commission existing at the time of the adoption of this charter, and who were not properly certified by such commission as regular or permanent employees, shall be subject to the provisions of this charter and the rules adopted thereunder."

Messrs. Karmann and Neary were serving in positions which *positions* were in the classified service under the old charter, as determined by the civil service commission existing at the adoption of the new charter. They had not been certified by that commission as regular or permanent employees, as we will shortly point out, and therefore they became subject to the provisions of the new charter and the rules adopted thereunder.

The third sentence of section 9.9 covers situations applying to "any *other* persons." Messrs. Karmann and Neary, being persons within the provisions

of the second situation, cannot be classed as ''other persons'' within the third or blanket provision. We find it necessary to conclude that Karmann and Neary were not ''blanketed'' into permanent positions by the new charter without examination and certification by the new civil service commission.

On January 8, 1943, the new civil service commission met and decided that the set of rules and regulations of the former civil service commission be adopted for the time being, pending revision and final adoption. At the same meeting, the civil service commission certified Messrs. Karmann and Neary to the temporary position of assistant superintendent of weights and measures, pending results of competitive promotional examination to be advertised and held as soon as possible in accordance with the rules.

On January 9th, the secretary of the civil service commission notified the department of weights and measures that Messrs. Karmann and Neary were certified for appointment to the position of assistant superintendent temporarily, for 60 days, pending examination. On the same day the superintendent of the department of weights and measures notified the civil service commission that Messrs. Karmann and Neary had been appointed temporarily. A civil service examination for the position was held on February 27, 1943, and plaintiffs herein were passed with the two highest grades on the promotional employment list. Karmann and Neary took the examination, Neary failed to qualify for the appointment while Karmann stood fourth.

On March 1st, the secretary-examiner of the civil service commission issued a certificate that the two highest candidates from the promotional employment list were Messrs. Waller and Lawlor, plaintiffs herein. They presented themselves, with their cre-

dentials, to the superintendent of the department of weights and measures to take up their duties but were not accepted and not permitted to assume their duties. The matter was left to the corporation counsel of the city of Dearborn for an opinion and the corporation counsel held that Karmann and Neary were in the classified service at the time the new charter became effective and were therefore each entitled to the position of assistant superintendent and to the wages for that position. The civil service commission met and agreed to accept the opinion and to be governed thereby. The civil service commission then certified Karmann and Neary to the department of weights and measures for *permanent* appointment to the position of assistant superintendent. Plaintiffs thereupon filed the instant mandamus proceedings in circuit court, claiming that it was the clear legal duty of defendants under the civil service provisions of the city charter to certify and install them in the positions to which they had been originally certified by the civil service commission. The circuit court agreed, after hearing, and issued the writs.

The question narrows down to whether the city authorities had a discretionary power to continue Karmann and Neary in their positions; or, to state the converse, was it their clear legal duty under mandatory civil service provisions of the old and new city charters to place plaintiffs in these two jobs? If the civil service commission had adhered to its original conclusion, to certify Karmann and Neary merely as temporary employees pending examination, and then had adhered to the subsequent certification of plaintiffs for the permanent employment following the examination, the issue between discretionary power and clear legal duty would not have arisen. The civil service commission, acting

on the advice of the corporation counsel, subsequently reversed its original stand and certified Karmann and Neary for the permanent employment. The opinion of the corporation counsel that Karmann and Neary were entitled to retain the positions of assistant superintendents was no justification for the civil service commission to certify them for the permanent employment. The commission is bound by the plain mandate of the charter. The charter does not confer on the commission the discretion it assumed to exercise in ultimately certifying Karmann and Neary for permanent employment without examination. That action on the part of the civil service commission was in contravention of the charter and of the rules of the civil service commission thereunder. Plaintiffs had received the highest standings on the examination and the charter required the civil service commission to certify them as the two candidates from the promotional and reemployment list. Under the provisions of the new charter it became mandatory that the petitioners be appointed to the position of assistant superintendents. There was no discretionary authority vested in either the civil service commission or the other city authorities to continue Messrs. Karmann and Neary for permanent employment in these jobs.

This is not a case where there is any reasonable doubt as to the clear legal duty of the civil service commission whereby it might use its discretion in certifying Karmann and Neary to permanent employment. For that reason, decisions relied on by defendants do not control. See *Rupert* v. *Van Buren County Clerk*, 290 Mich. 180; *Solo* v. *City of Detroit*, 303 Mich. 672. Nor is this a case where decision of the civil service commission was based on a consideration of disputed facts requiring exercise of judgment or discretion. *Toan* v. *McGinn*, 271 Mich.

28.   We agree with the circuit judge that it was the clear legal duty of the civil.service commission to certify plaintiffs for the permanent employment. That being true, it must follow that the civil service commission was without any discretionary authority to subsequently certify Karmann and Neary for the permanent employment.   Under the plain provisions of the city charter, the superintendent of the department of weights and measures was without any right or authority to continue Karmann and Neary as assistant superintendents.   As between Karmann and Neary, and the plaintiffs herein, and under the circumstances presented to us on this record, it was the clear legal duty of defendants herein to install plaintiffs in these positions.

The action of the lower court is affirmed, but without costs, a public question being involved.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.