JANIGIAN *v.* CITY OF DEARBORN.

1. MUNICIPAL CORPORATIONS—AUTOMATIC CAR WASH—APPROVAL OF ZONING BOARD OF APPEALS.

An automatic car wash *held,* within definition of city zoning ordinance of service garage requiring approval of zoning board of appeals before issuance of building permit (Dearborn Zoning Ordinance No 33, §§ 324, 601, 601.231, 601.235).

2. MANDAMUS—CLEAR LEGAL RIGHTS AND DUTIES.

Plaintiffs in a mandamus proceeding must have a clear legal right to performance of the specific duty sought to be compelled and the defendants must have the clear legal duty to perform such act.

3. MUNICIPAL CORPORATIONS—ZONING BOARD OF APPEALS—BUILDING PERMIT—AUTOMATIC CAR WASH—MANDAMUS.

Plaintiffs in mandamus proceeding to compel city zoning board of appeals to approve building permit for automatic car wash failed to show a clear legal right to the performance of a specific duty on the part of the defendant, where latter had before it some evidence that the granting of the permit would be inimical to public health and safety (Dearborn Zoning Ordinance No 33, §§ 324, 601, 601.231, 601.235).

Appeal from Wayne; Culehan (Miles N.), J. Submitted March 3, 1953. (Calendar No. 45,668.) Decided April 13, 1953. Rehearing denied June 8, 1953.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 24 Am Jur, Garages, Parking Stations, and Liveries § 12.
[1, 3] Validity of public regulations as to garages.    40 ALR 341; 55 ALR 372; 84 ALR 1147.
Construction and application of provisions for variations in application of zoning regulations and special exceptions thereto. 168 ALR 13, (as to garages) 72.
[2, 3] 34 Am Jur, Mandamus § 36.

Mandamus by Askanis Janigian and wife against City of Dearborn and its Department of Public Works to compel issuance of building permit. Writ granted. Defendants appeal. Reversed.

*Louis A. Gottlieb* (*J. K. Underwood,* of counsel), for plaintiffs.

*Dale H. Fillmore,* Corporation Counsel, *Duane Dunick,* Deputy Corporation Counsel (*Robert E. Childs,* of counsel), for defendants.

Sharpe, J. Plaintiffs filed a petition in the circuit court for Wayne county for a writ of mandamus to compel the department of public works, building and safety division of the city of Dearborn to issue a building permit to plaintiffs for the erection of an automatic car wash building at 22643 Ford road in the city of Dearborn, Wayne county, Michigan.

Plaintiffs are the owners of the above-described property which consists of 3 lots. The lots front on Ford road, with a combined frontage of 81.4 feet and a depth of 90 feet to a 20-foot alley on the south. Immediately south of the alley is a vacant lot and south of the vacant lot are 4 single-family homes. Plaintiffs filed an application with the department of public works for a permit to construct the proposed building, but were refused inasmuch as it was not a permissible use and as such required the approval of the zoning board of appeals as required by Ordinance No 33, of the city of Dearborn. Upon appeal the zoning board denied the petition, thereupon plaintiffs filed their petition for mandamus. On August 22, 1952, the trial court heard the cause and authorized the issuing of an order granting the writ of mandamus. Upon leave being granted, defendants appeal and urge that it is necessary to obtain the approval of the zoning board for a building permit

in order to construct a building for an "automatic car wash" and that the zoning board in refusing a permit did not abuse its discretion.

The area herein involved is zoned as "Business B." Section 601 of Ordinance No 33, the zoning ordinance of the city of Dearborn, is entitled "USES OF PROPERTY IN BUSINESS DISTRICTS", and provides in part:

"In a business district no lot shall be occupied and no building or structure shall be erected or used except for one or more of the uses permitted in that district, and then only in conformity with such special provisions relating to such use as may be contained herein."

The city ordinance requires in certain cases that uses made of the property must have the approval of the board of appeals:

"601.231. A STORAGE OR SERVICING GARAGE, OR A PUBLIC OR PRIVATE STABLE, OR LAND USED FOR SALE OR RENTAL OF USED CARS OR TRAILERS, when so arranged and maintained as not adversely to affect the normal development or use of neighboring property, only upon authorization of the board of appeals after public notice and hearing as specified in section 203.8. * * *

"601.235. ANY USE COMPARABLE IN CHARACTER to one of the permitted uses, but not specifically mentioned in sections 601.21 or 601.22 when permitted by the board of appeals, as specified in section 203.6."

A service garage is defined by section 324 of Ordinance No 33, and reads as follows:

"324. A SERVICE GARAGE is a space, building or structure designed or used for the repair, refinishing, cleaning, lubrication or other care or servicing of motor vehicles."

In our opinion an automatic car wash is within the definition of a service garage and as such requires the approval of the zoning board of appeals before a

building permit can be issued. It is urged by plaintiffs that no showing was made by defendants before the zoning board of appeals that the proposed use of the property would adversely affect the normal development or use of neighboring property.

The principal issue in this case is whether the zoning board of appeals abused its discretion in denying the permit. It is apparent that no testimony was taken when the cause was heard in the circuit court, but the minutes of the meeting of the zoning board of appeals show that a public meeting was held at which time the issue was discussed. There were statements made at this meeting that if the building was erected and operating, traffic would be increased and with cars with motors running would increase the supply of carbon monoxide and thus be injurious to health.

This Court has said on numerous occasions that to award writs of mandamus to plaintiffs, they must have a clear legal right to performance of the specific duty sought to be compelled, and the defendants must have the clear legal duty to perform such act. See *Toan* v. *McGinn,* 271 Mich 28, 34; *Rupert* v. *Van Buren County Clerk,* 290 Mich 180, 183; *Solo* v. *City of Detroit,* 303 Mich 672, 676; *McLeod* v. *State Board of Canvassers,* 304 Mich 120, 125; *Huron-Clinton Metropolitan Authority* v. *Boards of Supervisors of Five Counties,* 304 Mich 328, 342; and *Kosiba* v. *Wayne County Board of Auditors,* 320 Mich 322, 326.

In the case at bar there is no attack on the validity of the ordinance. The attack is centered on the discretion of the zoning board of appeals. Under the record in this case, the zoning board of appeals had some evidence that the granting of the permit would be inimical to public health and safety. Plaintiffs have not shown that they have a clear legal right to the performance of a specific duty on the part of the zoning board of appeals.

The judgment of the trial court granting the writ of mandamus is reversed and the petition dismissed, with costs to defendants.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSH-NELL, BOYLES, and REID, JJ., concurred.