HOLLAND CITY CLERK v. OTTAWA CIRCUIT JUDGE.

1. MUNICIPAL CORPORATIONS — INCORPORATION — ANNEXATION — PRESUMPTIONS.

No presumption as to the sufficiency of petitions for the incorporation of a new city or the regularity of proceedings taken with reference thereto may be said to exist in mandamus proceeding to set aside temporary injunction against the holding of an election as to annexation to a city located in 2 counties of part of the territory involved in the antecedent incorporation proceeding, as such matters were primarily for the determination of the board of supervisors which had not acted upon the petitions (CLS 1956, §§ 117.8, 117.11).

2. EQUITY—JURISDICTION—MUNICIPAL CORPORATIONS—ANNEXATION— INCORPORATION.

A court of equity has jurisdiction to pass on a controversy involving the propriety of annexation proceedings which involve territory included in antecedent, but uncompleted, incorporation proceedings of a new city (CLS 1956, §§ 117.8, 117.11).

3. INJUNCTION—ELECTIONS—MUNICIPAL CORPORATIONS—ANNEXATION —QUO WARRANTO.

Injunction against holding an election on question of annexation to city located in more than 1 county, as ordered by the secretary of State, pursuant to proceedings to effect such purpose which have admittedly complied with. applicable statutory provisions *held*, to have been improvidently issued, where antecedently petitions to incorporate a new city that involved some

REFERENCES FOR POINTS IN HEADNOTES
[2] 37 Am Jur, Municipal Corporations § 23 *et seq.*
[3] 18 Am Jur. Elections § 117.
[4] 35 Am Jur, Mandamus § 393.

of the same territory had been filed with the county clerk but, if presented to the board of supervisors, do not appear to have been acted upon, and since material questions of fact and of law were involved, the remedy for any irregularity would be by way of quo warranto following the election (CLS 1956, §§ 117.8, 117.11; CL 1948, § 638.1 *et seq.*).

4. COSTS—MANDAMUS—INJUNCTION—ELECTIONS.

No costs are allowed in mandamus proceeding to compel circuit judge to set aside improvidently issued temporary injunction against the holding of an annexation election in view of the nature of the controversy and questions involved (CLS 1956, §§ 117.8, 117.11; CL 1948, § 638.1 *et seq.*).

Original mandamus and prohibition by D. W. Schipper, clerk of the city of Holland, and the city of Holland, a municipal corporation of Ottawa and Allegan counties, against the Honorable Raymond L. Smith, Ottawa county circuit judge, Harris Nieusma, Ottawa county clerk, Maurice Vander Haar, Holland township clerk, James M. Hare, secretary of State, and Charles Vande Water to set aside injunction and curtail further proceedings in order to permit annexation election to be held. Submitted October 30, 1962. (Calendar No. 50,130.) Writs granted October 31, 1962. Opinion filed December 4, 1962.

*James E. Townsend,* for plaintiffs.

*Scholten & Fant* and *James W. Bussard* (*Harvey L. Scholten,* of counsel), for defendants.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General, for defendant secretary of State.

Amicus Curiae:

*Morrissey, Bove & Yeotis* (*William J. Morrissey* and *George R. Sidwell,* of counsel), for Flint township.

CARR, C. J.    In the month of July, 1962, there were filed with the county clerk of the county of Ottawa petitions pursuant to section 8 (CLS 1956, § 117.8 [Stat Ann 1961 Cum Supp § 5.2087]) of the city home-rule act* for the incorporation as a city of certain lands in said county.    The record before us does not disclose when said petitions were presented to the board of supervisors of the county, if such submission was made by the clerk.    It does not appear that any action by said board has been taken.

Under date of August 3, 1962, there was filed with the secretary of State, under section 11 of the city home-rule act (CLS 1956, § 117.11 [Stat Ann 1961 Cum Supp § 5.2090]), petitions for the annexation of certain lands to the city of Holland, including in part, at least, those described in the prior petitions for the incorporation of a city.    Such petitions also affected land in Allegan county and, in consequence, they were filed with the secretary of State as required by the statute cited.    The latter officer on examination found that the petitions complied with statutory requirements and issued his order for the holding of an election November 6, 1962, on the question of the desired annexation.

Following the order referred to suit for injunctive relief was filed in the circuit court of Ottawa county under date of October 2, 1962, and a temporary injunction was sought restraining the holding of the election on the annexation petitions until such time as the board of supervisors of the county might pass on the petitions previously filed with the county clerk for the incorporation of a city to be known as "Van Meer."    Motion to dismiss the suit was filed by the clerk of the city of Holland, and denied.

---

* PA 1909, No 279, as amended (CL 1948 and CLS 1956, § 117.1 et seq., as amended [Stat Ann 1949 Rev and Stat Ann 1961 Cum Supp § 5.2071 et seq.]).

An order to show cause why the temporary injunction sought should not issue was granted and hearing thereon was held October 16, 1962. The circuit judge concluded from the showing made before him that the filing of the petitions for incorporation of a new city, previously delivered to the county clerk, was entitled to priority and a temporary injunction was issued restraining the holding of the election on the date set by the secretary of State.

The city of Holland and its clerk instituted the present action in original mandamus to compel the circuit judge to set aside the temporary injunction, claiming in substance that it was improvidently granted, that the holding of the election should be permitted, and that questions affecting the legality thereof should be determined, if found expedient, in an action of quo warranto. Under date of October 25, 1962, this Court issued an order to the defendant circuit judge to show cause why the injunction should not be set aside, said order being returnable on October 30th. Return to the order was filed accordingly. Thereupon the Court, after due consideration of the return and of the briefs of counsel on both sides of the controversy, concluded that in view of the questions of fact and of law involved the court of equity should not have intervened to restrain the holding of the election, and that the remedy by way of quo warranto furnished a proper and adequate remedy for the protection of asserted rights. An order was issued accordingly on October 31, 1962, directing the setting aside of the temporary injunction, it being noted therein that the opinion of the Court would be filed at a later date. It was further specifically stated that such order should not be regarded as an adjudication of any issues that might be raised in a subsequent quo warranto proceeding.

Obviously the question presented is whether the temporary injunction was improvidently issued by

the circuit court. It is apparent from the pleadings and from the briefs of counsel that questions of fact are involved in the controversy and that legal issues raised are quite largely dependent on the determinations reached with reference to such disputed facts. The status of the petitions filed for the incorporation of the city of Van Meer is not clearly shown by the record, nor does it appear that the presentation of the controversy to the circuit judge was such as to enable him to form a definite conclusion in this respect. It is claimed on behalf of plaintiffs in the present mandamus case that the petitions were open to objection in several respects, that statutory requirements were not observed in their circulation, that the accompanying map was not accurate, and that there was a variance between the description of the property to be incorporated as stated in the petition and as indicated by the map.

As before suggested, the record here does not disclose what was done with the petitions subsequent to their filing with the county clerk. We cannot agree with the claim advanced by counsel that any presumption exists as to the sufficiency of the petitions or the regularity of the proceedings taken with reference thereto. Such matters are primarily for the determination of the board of supervisors. It may be noted in passing that the statutory requirements with reference to the circulation and substance of the petitions presented to the secretary of State were duly observed. No question in this respect is raised.

This Court has recognized that under proper circumstances a court of equity may assume jurisdiction to pass on a controversy of this nature. See *Attorney General* v. *Board of Supervisors of the County of St. Clair,* 11 Mich 63; *Township of Kalamazoo* v. *Kalamazoo County Supervisors,* 349 Mich 273; *Godwin Heights Public Schools* v. *Kent County*

:*Board of Supervisors,* 363 Mich 337. It will be noted, however, that in the last 2 cases cited the equitable relief sought was denied following consideration by the Court. The earlier decision involved the validity and application of provisions of a statute enacted by the legislature. The Court agreed with the claim of the plaintiff that such provisions were not complete and did not comply with either the letter or the spirit of the Constitution. Equitable relief was granted on that basis.

Counsel have called attention to the decision of this Court in *School District of the City of Birmingham* v. *School District No. 2, Fractional, of the Township of Bloomfield and City of Bloomfield Hills,* 318 Mich 363. Annexation of certain lands comprising a school district was sought in separate proceedings brought by each of the parties to the case. The question arose as to which annexation was proper, and plaintiff brought suit to require the apportionment, levy, and collection of taxes on the lands of the former school district on the theory that the annexation to it was lawful. It appeared, however, that the defendant had instituted its proceeding prior to that of plaintiff by filing a petition with the Bloomfield Hills district board, *on which action was taken.* The Court summarized the issue in the following language (pp 371, 372):

"The priority of defendant and appellant Bloomfield Hills district depends either upon the validity of the petition of January 16, 1946, or on that of the resolution passed by the Bloomfield Hills board on January 30th, both of which occurred prior to any action toward annexation taken by the plaintiff (appellee) Birmingham district on February 12, 1946."

The issue thus presented was determined in favor of the defendant-appellant, such determination being based on the facts established by the record in

the case. It is significant also that the case was brought after both annexation proceedings had taken place. Obviously in the case at bar we have a wholly different factual situation. There is no basis here, or in the proceeding in circuit court, for a conclusion as to the factual or legal status of the petitions filed with the county clerk of Ottawa county. Whether the petitions seeking the incorporation of the city of Van Meer were properly circulated, and otherwise complied with statutory requirements, does not appear from the record and no inference or presumption with reference thereto can be drawn. The opinion in the cited Michigan case was quoted and followed by the supreme court of Wisconsin in *Town of Greenfield* v. *City of Milwaukee,* 259 Wis 77 (47 NW2d 292).

In *People, ex rel. Hathorne,* v. *Morrow,* 181 Ill 315 (54 NE 839), there was involved the validity of the incorporation of the village of North Chicago. It appeared from the stipulation of the parties as to the facts that a petition by legal voters residing in the territory sought to be so organized was presented to the county judge of the county, pursuant to statute, to cause the question to be submitted to an election of the voters to determine whether a village should be formed. Action was taken on said petition. Notices of the election were duly posted, and the result of the submission of the issue thereat was in favor of the organization. Thereupon the county judge called a second election at which officers were chosen. Such election was held and the case in question was a quo warranto proceeding to determine the right of the defendants to hold their respective offices. However, on the day preceding the holding of the organization election petitions were presented to the city council of Waukegan asking that the territory in question be annexed thereto. Favorable action thereon was taken and an ordinance was adopted

declaring that such annexation had been effected. The question at issue in consequence was whether the incorporation of the village took priority over the attempted annexation. It was held that such was the case in view of the fact that action had been taken on the petition presented to the county judge, an organization election ordered, and notices thereof duly posted prior to presentation of the petition to the Waukegan council.

It will be noted that in the above case the facts were stipulated and there was no dispute with reference to the favorable action taken by the county judge on the incorporation petition. A different situation was presented in *State, ex rel. Wilkinson,* v. *Self* (Tex Civ App), 191 SW2d 756. There an action in the nature of quo warranto was brought against the mayor of the city of Corpus Christi to determine the validity of annexation of certain lands to said city. Prior to the institution of the annexation proceeding under the State statute a petition had been presented to the county judge of Nueces county having for its purpose the organization of a city to be known as "Nueces City" embracing substantially the same territory which Corpus Christi thereafter sought to annex. It appeared, however, that no official action was taken by the county judge on said petition and the appellate court, affirming the decision of the trial judge in favor of Corpus Christi, held that the mere filing of the petition which did not result in any hearing to determine the sufficiency of the signatures or the legality of the petitions or any order for the holding of an election upon the question of incorporation did not deprive the city of Corpus Christi of authority to annex the territory involved.

Without discussing the situation in further detail it was and is the conclusion of the Court that the temporary injunction was improvidently issued in

view of the material questions of fact and of law in the controversy. The statutory remedy by way of quo warranto* is, of course, available in such a situation, following an election, and is adequate to protect the rights of parties concerned. Such conclusion is in accord with the decision in the recent case of *Grand Rapids City Clerk* v. *Judge of Superior Court,* 366 Mich 335.

The order of October 31, 1962, directing the setting aside of the temporary injunction was properly issued. In view of the nature of the controversy and the questions involved therein no costs are allowed.

DETHMERS, KELLY, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred with CARR, C. J.

BLACK and KAVANAGH, JJ., concurred in result.

* See CL 1948, § 638.1 *et seq.* (Stat Ann § 27.2315 *et seq.*).—RE-PORTER.