## CARPENTER *v.* GENESEE COUNTY BOARD OF SUPERVISORS.

1. MUNICIPAL CORPORATIONS—MANDAMUS—INCORPORATION OF NEW CITY—ANNEXATION OF TERRITORY TO EXISTING CITY—BURDEN OF PROOF—MAPS.

   Denial of writ of mandamus to compel county board of supervisors to submit question of incorporation of township into a new city is affirmed by CARR, C.J., and DETHMERS, KELLY, and O'HARA, JJ., because at time board took final action of declaring petitions insufficient, some of the territory described therein had been unilaterally annexed to an existing city, and by BLACK, KAVANAGH, SOURIS, and SMITH, JJ., because plaintiffs failed to sustain their burden of proof that all statutory requirements had been complied with, particularly, that the accompanying map show clearly the territory proposed to be incorporated (P.A. 1909, No 279, as amended).

2. COSTS—PUBLIC QUESTION—INCORPORATION OF NEW CITY.

   No costs are allowed on review of denial of writ of mandamus to compel county board of supervisors to submit question of incorporation of township into a new city, a public question being involved.

Appeal from Genesee; Parker (Donn D.), Baker (John W.), McGregor (Louis D.), and Roth (Stephen J.), JJ., *en banc.* Submitted July 23, 1963. (Calendar No. 35, Docket No. 49,770.) Decided October 10, 1963.

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Municipal Corporations §§ 23–34.
52 Am Jur, Towns and Townships §§ 45, 46.
[2] 14 Am Jur, Costs § 91.

Mandamus by Spencer J. Carpenter, a resident elector, and the Township of Flint against the Board of Supervisors of Genesee County to compel submission to electors the question of incorporation. The City of Flint, a municipal corporation, claiming overlap of territory, intervened as party defendant. Writ denied. Plaintiffs appeal. Affirmed.

*Morrissey, Bove & Yeotis* (*William H. Morrissey* and *George R. Sidwell,* of counsel), for plaintiffs.

*John G. David,* Corporation Counsel, *Edward P. Joseph,* City Attorney, *Wade D. Withey, Richard R. Lovinger,* and *Charles A. Forrest, Jr.,* Assistant City Attorneys, for defendants.

CARR, C. J. This case involves the interpretation of certain provisions of the city home-rule act* of the State. Pursuant to the statute petitions seeking the incorporation as a city of Flint township in Genesee county, for presentation to the board of supervisors and action thereon, were filed with the county clerk of said county on August 15, 1961. Said petitions included "the entire township of Flint" and the territory embraced therein was described at length by metes and bounds. Attached to said petitions was a map depicting the land to be embraced within the limits of the proposed new city. The board of supervisors was requested to call an election within said territory, pursuant to the statute, in the event that a pending proposition to annex the township to the city, on which an election had been ordered held on September 12, 1961, resulted in the defeat of the proposal. Apparently such was the result of said election, and on September 18th follow-

* PA 1909, No 279, as amended (CL 1948 and CLS 1956, § 117.1 *et seq.,* as amended [Stat Ann 1949 Rev and Stat Ann 1961 Cum Supp § 5.2071 *et seq.*]).

ing the county clerk submitted the petitions to the board of supervisors which referred them to its legislative committee for examination and report as to their compliance with statutory requirements.

Prior to any action by the supervisors, other than the reference to the committee, the city commission of the city of Flint adopted a resolution, on September 25, 1961, in accordance with section 9 of the home-rule act, annexing approximately 33 acres of city-owned land in Flint township, adjacent to the city's boundary, which land, as recited in the resolution, consisted of a park or vacant property owned by the city, and having no residents thereon. The statutory provision authorizing such action, set forth in CLS 1956, § 117.9 (Stat Ann 1961 Cum Supp § 5.2088), reads as follows:

"Where the territory proposed to be annexed to any city is adjacent to said city and consists of a park or vacant property located in a township and owned by the city annexing the same, and there is no one residing thereon, such territory may be annexed to said city solely by resolution of the city council of said city."

At the time of such annexation the board of supervisors had not acted with reference to the approval or disapproval of the petitions filed for the incorporation of Flint township as a city. On December 19, 1961, a resolution was adopted declaring that the petitions did not conform to the statutory requirements and that, in consequence, "no further proceeding pursuant to said petition shall be had." Said resolution recited the attachment of 33 acres, included in the description of the proposed new city, to the city of Flint, and gave the situation in such respect as 1 reason for not approving the incorporation petitions. No proceeding was instituted in court for the purpose of testing the legality of the annexa-

tion which the resolution assumed to be effected under the provision of the statute providing therefor. It was further indicated in the resolution that the map accompanying the petitions at the time of action thereon by the supervisors, while purporting to describe the township of Flint, actually included therein territory constituting a part of the city of Flint. Other reasons for rejecting the petitions were also set forth but require no discussion herein.

It is apparent that the board of supervisors in adopting the resolution above referred to relied on the language of section 8 of the home-rule act (CLS 1956, § 117.8 [Stat Ann 1961 Cum Supp § 5.2087]), which section reads in part as follows:

"Said petition shall be addressed to the board of supervisors of the county in which the territory to be affected by such proposed incorporation, consolidation or change of boundaries is located, and shall be filed with the clerk of said board not less than 30 days before the convening of such board in regular session, or in any special session called for the purpose of considering said petition, *and if, before final action thereon, it shall appear to said board or a majority thereof that said petition or the signing thereof does not conform to this act, or contains incorrect statements, no further proceedings pursuant to said petition shall be had.*" (Emphasis supplied.)

Following the adoption of the resolution by the board of supervisors on December 19, 1961, a petition for a writ of mandamus to compel the board to submit the question of incorporation of Flint township as a city was filed in the circuit court of Genesee county. In substance it was alleged therein that the petitions complied in all respects with statutory requirements and that the action of the board was improper, arbitrary, and contrary to its legal duty. It was further asked that the court determine that the annexation of 33 acres of land from the township to

the city of Flint was a nullity. It was, and is, the position of the plaintiffs that the city of Flint was inhibited from exercising statutory authority to annex the property in question until "all action on the prior incorporation petitions concerning the same territory" had been completed. It was further the theory of the plaintiffs, notwithstanding the language of the statute, that the sufficiency of the incorporation petitions should have been determined as of the time of the filing thereof on August 15, 1961. We think it must be said, however, that if the legislature had intended the interpretation advanced by plaintiffs explicit language to that effect would have been set forth in the statute. Obviously this was not done and the claim must be rejected as at variance with the clear and specific language used. In other words, the mandate of the statute to the board of supervisors was to consider the sufficiency of the petitions as of the date of final action thereon. The use of the words "final action" negatives the suggestion of counsel that the reference to the committee to check the petitions was "action" thereon. Obviously it was merely the preliminary step in the proceeding and may not be regarded as in any way a recognition of the sufficiency of the petitions.

The city of Flint intervened in the case as a party defendant. Answers to the petition were filed disputing the right of plaintiffs to the relief sought and asserting that the action of the board of supervisors was taken in accordance with the statute and was, in consequence, not open to the charges made on behalf of petitioners. The circuit court, the 4 judges thereof sitting *en banc,* declined to accept plaintiffs' claims as to the sufficiency of the petitions and the action of the board of supervisors thereon, and denied the writ of mandamus sought. From the order entered plaintiffs have appealed to this Court.

Our consideration of the statutory provisions involved brings us to the conclusion that the circuit court was right in denying the writ of mandamus. As above indicated, the board was required by the statute to base its final action on the petitions on the facts found as of the time of such action. A portion of the territory described in the petition under the legal description thereof was then within the city of Flint. The action of the city commission in the adoption of its resolution to annex said territory was taken in accordance with the authority granted by the statute. As noted, no proceeding was instituted in court directly challenging the validity of the annexation.

No provision of the home-rule act, as adopted by the legislature and amended from time to time, may be construed as limiting the authority of the city council because of the incorporation petitions that had been filed but on which no action determining the sufficiency thereof had been taken. It is significant in this regard that the legislature by section 8a of the home-rule act, added by PA 1951, No 158 (CLS 1956, § 117.8a [Stat Ann 1961 Cum Supp § 5.2087 (1)]), contains the following provision applicable to the board of supervisors:

"In case a petition has been filed with the clerk pursuant to section 8, and subsequently another petition is filed by other petitioners proposing to affect the same territory in whole or part, then the subsequently filed petition shall not be submitted to the electors while in conflict with the prior petition."

No such statutory restriction is imposed with reference to the city council in exercising the authority to annex certain uninhabited lands belonging to the city and adjacent to its boundary. At the time such annexation occurred no final action had been taken

by the board of supervisors on the incorporation petitions here involved. No inference or presumption as to the sufficiency of said petitions existed. *Holland City Clerk* v. *Ottawa Circuit Judge,* 368 Mich 479, 485, and cases there cited. On the record before us we cannot hold, as appellants request, that the action of the Flint city commission was void.

In taking the final action indicated the board of supervisors was confronted with the fact that land included in the description of the proposed new city was not within the township of Flint, and that for such reason the map submitted in connection with the petitions was inaccurate. Obviously a conclusion other than that reached by the board would have meant an election on the incorporation of a new city including land within an existing city but not referred to in the petition or indicated on the map as so located. In passing on an analogous question in *Taliaferro* v. *Genesee County Supervisors,* 354 Mich 49, 59, this Court decided:

"That it was not the legislative intent that petitioner had the legal right to an election seeking to incorporate territory into a new city from territory occupied by a duly incorporated city."

Submission of the question of incorporation to the voters of the township, as sought by the petitions, would have been a mere nullity.

Other questions considered by counsel in their briefs do not require consideration at this time. The judgment entered in circuit court was correct, and it is affirmed. In view of the nature of the controversy no costs are allowed.

DETHMERS, KELLY, and O'HARA, JJ., concurred with CARR, C. J.

SOURIS, J. (*concurring in affirmance*). While I concur in affirming denial of the writ of man-

damus to these plaintiffs, I cannot agree with Mr. Chief Justice Carr's opinion that township residents who have instituted incorporation proceedings by petition, as expressly authorized by section 8[1] of the home-rule cities act (PA 1909, No 279, as amended), can be thwarted in their effort by an adjoining city's unilateral annexation, under section 9[2] of the act, of a part of the vacant township land included in the territory sought to be incorporated at the very moment the incorporation petition is pending before the county board of supervisors. While noting my disagreement with the Chief Justice, it is not necessary to decision in this case to resolve that patent ambiguity between sections 8 and 9 which exists when conflicting actions affecting the same territory are sought to be taken under authority of those sections. For present decision we need go no further than to hold that plaintiffs are not entitled to the writ of mandamus for failure to establish their clear legal right to the favorable action by the board of supervisors to compel which our writ of mandamus is sought.

One of the grounds stated in the supervisors' resolution declaring that plaintiffs' petition for incorporation did not conform to the act was that the map required to be attached to the petition by section 6[3] of the act did not show clearly the territory proposed to be incorporated and that such map in fact tended to mislead the signers of the petition as to the area involved. Defendants' answers to the plaintiffs' petition for mandamus in the court below expressly put in issue the misleading nature of the subject map, pleading specifically that the map contained the words "City of Flint" superimposed upon

---

1 CLS 1956, § 117.8 (Stat Ann 1961 Cum Supp § 5.2087).—Reporter.

2 CLS 1956, § 117.9 (Stat Ann 1961 Cum Supp § 5.2088).—Reporter.

3 CL 1948, § 117.6, as amended by PA 1957, No 210 (Stat Ann 1961 Cum Supp § 5.2085).—Reporter.

that portion of the map which shows not only the township territory sought by the petition to be incorporated, but also territory which was within the existing boundaries of the city of Flint.

Notwithstanding the presence of this factual issue in the case, and notwithstanding plaintiffs' burden of establishing their clear legal right to the relief sought to be compelled by the court's writ of mandamus (*Livonia Drive-In Theatre Co.* v. *City of Livonia,* 363 Mich 438; *Goethal* v. *Kent County Supervisors,* 361 Mich 104; and *Janigian* v. *City of Dearborn,* 336 Mich 261, and cases cited therein), there is nothing in the appendix submitted to this Court from which we can say that the map attached to plaintiffs' petition showed clearly the territory proposed to be incorporated as required by the act.

The burden of proof was upon the plaintiffs to establish compliance with all of the requirements of the act, the benefits of which they seek by issuance of the writ of mandamus. Having failed to carry such burden, they were not entitled to the writ and the trial court's judgment should, for that reason, be affirmed. No costs, a public question being involved.

BLACK, KAVANAGH, and SMITH, JJ., concurred with SOURIS, J.