KERRIGAN v. SAGINAW COUNTY DRAIN COMMISSIONER.

OPINION OF THE COURT.

1. DRAINS—APPORTIONMENT OF BENEFITS—MOTION TO DISMISS APPEAL—EX PARTE ORDER OF PROBATE COURT.

A person appealing a drain commissioner's apportionment of benefits in probate court has no clear legal right to the enforcement of a probate court's ex parte order, and the drain commissioner has no clear duty to perform it, when the commissioner has made a motion to the probate court to dismiss the appeal and this motion was never ruled on (CLS 1961, § 280.155).

CONCURRING OPINION.

HOLBROOK, P. J.

2. DRAINS—ASSESSMENT—APPORTIONMENT OF BENEFITS—APPEAL—MANDAMUS.

*The proper method of appeal for reviewing proceedings in establishing a drain and levying taxes, where the appellant claims that no notice was given according to law, is by certiorari and where plaintiff, claiming to be a property owner, made an untimely appeal to the probate court which made an ex parte order, plaintiff was not entitled to enforcement of that order by mandamus in circuit court (MCLA §§ 280.154, 280-.155, 280.156, 280.161).*

Appeal from Saginaw; Miller (Allan C.), J., presiding. Submitted Division 3 March 5, 1968, at Grand Rapids. (Docket No. 3,447.) Decided June 26, 1968.

Complaint by Edith Kerrigan against Raymond Jaenicke, Saginaw County Drain Commissioner, for

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur, Taxation § 753.

a writ of mandamus ordering defendant to comply with an *ex parte* order of the probate court regarding defendant's assessment of benefits in a drain proceeding. Writ granted. Defendant appeals. Reversed and complaint dismissed.

*Merritt R. Jones,* for plaintiff.

*Floyd T. Fuss,* for defendant.

QUINN, J. Defendant appeals from the trial court's grant of writ of mandamus requiring defendant to comply with an ex parte order of the probate court issued on plaintiff's appeal from the order and review of apportionments made by defendant in a drain proceeding. The latter appeal was pursuant to CLS 1961, § 280.155 (Stat Ann 1960 Rev § 11-.1155). Defendant moved to dismiss the appeal as untimely, and the probate court has never ruled on that motion. On this record, plaintiff has no clear legal right to the enforcement of the ex parte order of the probate court, nor does defendant have a legal duty to perform it. *Janigian* v. *City of Dearborn* (1953), 336 Mich 261. The writ of mandamus should not have been granted.

Reversed and plaintiff's complaint for mandamus is dismissed, with costs to defendant.

McINTYRE, J., concurred with QUINN, J.

HOLBROOK, P. J. (*concurring*). Plaintiff in her appeal to the probate court claimed that she was an owner of a part of the fee and that she had not been served with notice in accord with PA 1956, No 40, § 154, as last amended by PA 1965, No 138 (MCLA § 280.154, Stat Ann 1968 Cum Supp § 11.1154). Defendant claims that plaintiff's name did not appear upon the last assessment roll. The statute required

notice to be given by mail only to a "person whose name appears upon the last city or township tax assessment roll as owning land within the special assessment district, at the address shown on such roll, and if no address appears thereon, then no notice need be mailed to such person." The plaintiff, in any event, failed to make her application in accordance with CLS 1961, § 280.155 (Stat Ann 1960 Rev § 11-.1155), *i.e.,* within 10 days after the date of review, August 15, 1966. The application was made September 14, 1966. The probate judge made an ex parte order purportedly pursuant to CLS 1961, § 280.156 (Stat Ann 1960 Rev § 11.1156) on September 16, 1966, and thereafter defendant filed a motion to dismiss which was not acted upon. It would appear that the proper method of appeal by plaintiff, in this case, would have been by certiorari as provided in CLS 1961, § 280.161 (Stat Ann 1960 Rev § 11.1161). This plaintiff failed to do.

I agree that the writ of mandamus requiring defendant to proceed in accord with the probate court's ex parte order should not have been granted.