## LOCKE v. MACOMB COUNTY

1. Mandamus—Requirements—Clear Legal Duties.

   Mandamus is appropriate only where duties are created by law and only where the duties to be enforced are clear.

2. Sheriffs and Constables—Deputy Sheriff—Removal—Discretion—Civil Service System—Statutes.

   Statutory provision allowing a sheriff complete discretion in the removal of deputy sheriffs does not apply where a civil service commission for the sheriff's department has been adopted (MCLA §§ 51.70, 51.351 *et seq.*).

3. Statutes—Repeal by Implication—Repugnancy.

   A later statute, as a general rule, will repeal an earlier one to the extent that the two are repugnant, even though repeal of a statute by implication is not favored.

4. Officers—Civil Service System—Purpose.

   A civil service system exists to replace the complete discretion in the hiring and firing of county employees with an objective testing procedure aimed at hiring on the basis of objective qualifications and firing on the basis of cause.

5. Sheriffs and Constables—Removal of Deputy Sheriff—Civil Service Plan—Statutes.

   A sheriff may remove a deputy sheriff only for cause and only after the deputy sheriff receives a written statement of the charges within 90 days from the date of violation where a civil service plan for the sheriff's department has been adopted (MCLA § 51.362).

---

References for Points in Headnotes

[1] 52 Am Jur 2d, Mandamus §§ 40, 64, 72, 73, 80, 251.
[2, 7] 47 Am Jur, Sheriffs, Police, and Constables §§ 154, 155.
[2, 5, 8] 15 Am Jur 2d, Civil Service §§ 28, 33, 36, 38.
[3] 50 Am Jur, Statutes §§ 534–551, 556–558.
[4] 15 Am Jur 2d, Civil Service § 1.
[6] 52 Am Jur 2d, Mandamus § 251.

6. SHERIFFS AND CONSTABLES—REMOVAL OF DEPUTY SHERIFF—SHER
   IFF'S DUTIES—MANDAMUS.

   Legal duties associated with the removal of deputy sheriffs
   apply to sheriffs only and the duties are enforceable by *man
   damus* against sheriffs only.

7. SHERIFFS AND CONSTABLES—REMOVAL OF DEPUTY SHERIFFS—
   COUNTY'S AUTHORITY.

   A county has no authority to appoint or remove deputy sheriffs.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 December 16, 1970, at Lansing. (Docket No. 9219.) Decided February 19, 1971. Leave to appeal granted June 15, 1971, 385 Mich 755.

Complaint by James B. Locke against Macomb County and Lester A. Almstadt, Macomb County Sheriff, for a writ of mandamus ordering defendants to reinstate the plaintiff as a deputy sheriff. Writ denied. Plaintiff appeals. Reversed and remanded.

*Hatchett, Brown, Waterman & Campbell,* for plaintiff.

*Alfred A. Blomberg,* Civil Counsel, and *Ray W. McPeters,* Assistant Civil Counsel, for defendants.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

R. B. BURNS, J. This is an appeal from the trial court's refusal to grant plaintiff's request for mandamus against Macomb County and its sheriff.

On September 11, 1968, plaintiff, a deputy sheriff in Macomb County, was removed from his job "pending the outcome of the charges" for which he was arrested on the same day. Acquitted of the criminal charges on February 19, 1969, the plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

immediately requested reinstatement, but was refused. Denied review by the Macomb County Civil Service Commission,[1] the plaintiff next sought mandamus in the Circuit Court of Macomb County to require the sheriff to reinstate him. The trial judge denied the motion for mandamus and ruled that the appointment and removal of deputy sheriffs was entirely within the sheriff's discretion.

Mandamus is appropriate only where duties are created by law (*Kosiba* v. *Wayne County Board of Auditors* [1948], 320 Mich 322) and only where the duties to be enforced are clear. *Franchise Realty Corp.,* v. *Detroit* (1962), 368 Mich 276; *Kerrigan* v. *Saginaw Drain Comr.* (1968), 12 Mich App 127.

The trial court erred in holding that removal of deputy sheriffs by a sheriff is completely discretionary. Legal duties do exist and the duties are clear. MCLA § 51.70 (Stat Ann 1970 Cum Supp § 5.863), must be construed in light of the elected civil service system of Macomb County.

Although MCLA § 51.70, *supra,* gives the sheriff complete discretion when removing deputy sheriffs, this provision obviously does not apply when the majority of electors in a county election adopt the civil service provisions contained in MCLA § 51.351 *et seq.* (Stat Ann 1970 Cum Supp § 5.1191[101] *et seq.*).

The preamble reads:

"An act to establish and provide a board of civil service commissioners for sheriffs' departments * * *."

[1] The commission claimed lack of jurisdiction on the alternative grounds of (a) plaintiff's failure to answer the formal charge of September 11, 1968, within five days as required by MCLA § 51.362 (Stat Ann 1970 Cum Supp § 5.1191[112]), and (b) if the September 11, 1968 notice was not the reason for discharge then, no formal charge having been issued, the commission was precluded from review.

MCLA § 51.362 (Stat Ann 1970 Cum Supp § 5.1191[112]), states in part:

"No member of any department within the terms of this act shall be removed, discharged, reduced in rank or pay or suspended, or otherwise punished, except for cause, and in no event until he shall have been furnished with a written statement of the charges and the reasons for such actions."

The general rule as to statutory construction is that although the repeal of a statute by implication is not favored, a later act will repeal an earlier one to the extent that the two are repugnant. *Jackson v. Corrections Commission* (1946), 313 Mich 352.

The purpose of the civil service system is to replace the complete discretion in the hiring and firing of county employees with an objective testing procedure aimed at hiring on the basis of objective qualifications and firing on the basis of cause.[2]

The duties of the sheriff in removal of a deputy sheriff are clear and well defined. The appointing officer can remove only for cause and only after the deputy sheriff receives a written statement of the charges within 90 days from the date of violation. MCLA § 51.362 (Stat Ann 1970 Cum Supp § 5.1191 [112]). However, nowhere does one find statutory language existing in Michigan authorizing the county to appoint or remove deputy sheriffs. The duties associated with removal of deputy sheriffs apply to sheriffs only and they are enforceable by mandamus against sheriffs only.

Reversed and remanded for relief consistent with this opinion.

All concurred.

---

[2] The expressed purpose of the act is "to provide a civil service system based upon examination * * * as to merit, efficiency and fitness for appointment" and "to regulate the transfer, reinstatement, suspension and discharge of said officers".